# Huckenstein and McKee *versus* Love.

1. Where a scire facias issued upon a mortgage is made known and subsequently pleas are entered and issue joined, and afterwards the mortgaged premises are conveyed to a third person, it is error for the court on motion of the plaintiff to amend the record by adding the name of such third person as a party defendant.

2. Where such third person is so made a party defendant, judgment cannot be entered against him upon two returns of nihil habet.

3. A. executed a bond and mortgage to B., who subsequently assigned the same to C.   A suit was instituted by B. to C.'s use against A. upon the mortgage, wherein issue was joined.   Afterwards the mortgaged premises were sold under a junior incumbrance and purchased by D., who was thereupon made a party defendant to the suit on the mortgage.   On the trial defendants set up usury in the mortgage and offered to prove that B., the mortgagee, had no interest in the transaction, the money being in reality advanced by C. at a heavy discount.   Plaintiff objected to the admission of this evidence on the ground that D. was the real defendant and could not set up the defence of usury to the mortgage subject to which he bought.   The court sustained the objection and overruled the offer. *Held*, that this was error.   A. was also a party defendant, and directly interested in the result.   It was necessary that he should set up and establish the defence of usury in the suit on the mortgage in order to enable him to set up a like defence in any suit that might subsequently be brought against him upon the accompanying bond.   The evidence should, therefore, have been admitted.

4. In the above case, defendants also offered to prove that D. had purchased the property at the sheriff's sale for and on behalf of A. and with

[Huckenstein *v.* Love.]

A.'s money. This offer, being objected to, was also excluded. *Held*, that this also was error in view of the previous ruling in the case. Had the evidence been admitted all ground for objection to the prior offer of evidence by the defendants would have been removed.

October 10th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas. No. 2, of *Allegheny county :* Of October and November Term 1881, No. 87.

Scire facias sur mortgage, issued November 30th 1877, by C. II. Love, for use of W. C. Comingo, against John Huckenstein, on a mortgage executed by defendant to the legal plaintiff for $8,000. The defendant filed an affidavit of defence setting up usury, and subsequently pleaded usury, and payment with leave; and the cause was put at issue December 13th 1877. On January 10th 1880, the plaintiff presented a petition setting forth that in March 1879, the mortgaged premises, or a portion thereof, were sold at sheriff's sale to one Thomas McKee, to whom a deed was delivered June 18th 1879, and praying to amend by making said McKee a party defendant. The court granted the prayer of the petition, and directed process to issue to bring in McKee, whereupon a scire facias issued to him which was returned nihil; an alias sci. fa. was also returned nihil; whereupon judgment was entered against McKee in default, sec. reg., for $4,563.87. The plaintiff's attorney, by leave of the court, directed this judgment to be stricken off, but afterwards obtained an interlocutory unliquidated judgment against him in default, sec. reg., "without prejudice to the rights of plaintiff to have final judgment against said Thomas McKee and his co-defendant, John Huckenstein."

When the case was called for trial, January 15th 1881, McKee, who had been subpoenaed as a witness for the plaintiff, learned for the first time that he had been made a party defendant, whereupon he moved the court to strike off his name as a co-defendant, on the ground that his alleged title did not accrue until after suit brought, and that judgment had been taken against him by default on two returns of nihil, without service or notice to him. The court thereupon made the following order:

"And now, January 17th 1881, the above motion is refused, but if Mr. McKee desires to defend in this action, he being now in court and his counsel also present, if he will make a motion to open or set aside the judgment against him, so as to let him into a defence, such motion will be sustained and he will be allowed to defend. His counsel declining to make such motion, it is ordered that the jury be sworn against John Huckenstein,

with notice to Thomas McKee, terre-tenant, and to assess as against him the balance due on the mortgage."

The plaintiff offered to show devolution. of title to McKee. Objected to, on the ground that McKee's alleged title accrued after suit brought, and because it covers only a portion of the mortgaged premises. Objection overruled ; exception.

The defendants, under their plea of usury, offered to prove that Love, the mortgagee, had no interest in the mortgage, and that the money was advanced directly by Mrs. Comingo, at a heavy discount. Objected to, on the ground that McKee is the real defendant, and cannot set up the defence of usury to the mortgage, to which he bought subject. Objection sustained ; exception.

The defendants then offered to show, that McKee acted for Huckenstein in purchasing at the said sheriff's sale a portion of the mortgaged premises, that Huckenstein paid the amount of the bid, and that McKee claimed no beneficial interest or title in the premises. Objected to, objection sustained ; exception. (Fifth assignment of error.)

The jury, in pursuance of the direction of the court, found a verdict for the plaintiff for $4,697.98 "and find the balance due on the mortgage against Thomas McKee in the same amount." Judgment on the verdict. The defendants took this writ of error, assigning for error the action of the court in making McKee · a party defendant and in refusing to strike off the judgment entered against him on two returns of nihil ; and the rulings on evidence as above set forth.

*John Barton*, and *Thomas C. Lazear*, for the plaintiffs in error.

*J. M. Stoner*, for the defendant in error.

Mr. Justice TRUNKEY delivered the opinion of the court October 3d 1881.

When this action was commenced and until more than a year after the issue was formed by the pleadings, McKee was a stranger to the title of the mortgaged premises. Therefore, his name was not omitted by mistake—it would have been a mistake to have included it. He purchased the premises at sheriff's sale pending the suit, and if he acquired the title he took subject to the mortgage and all the consequences of a judgment in the action. The plaintiff had no interest in making McKee a party defendant, for this was unnecessary to a trial on the merits. It could not forestall Huckenstein's defence. Nor would it prevent the plaintiff giving in evidence the fact of the

[Huckenstein *v.* Love.]

sheriff's sale to repel a defence which such sale would repel, to omit making the purchaser a party to the record. The amendment was not within the letter or spirit of the statute. And, had McKee's name been properly added, there was no service to authorize judgment against him in default of appearance. By a curious growth in the law of practice, two returns of nihil upon writs of scire facias, whether the mortgagor be living or dead, authorizes judgment in default, but this has not been extended so as to embrace persons who are not parties to the mortgage. Although but little injury may have been done to McKee he was put to some trouble to ascertain if the vexatious and irregular judgment would injure him. He had right to demand that it be stricken off, for it was erroneously entered. It differed from a regular judgment, which, being without error in the proceeding, will not be struck off, but may, in the discretion of the court, be opened.

At the trial Huckenstein proposed to prove that Love, the assignor of the mortgage, was merely the broker, and that Mrs. Comingo, the assignee, was the real lender of the money. This offer was overruled for the reason that Huckenstein's title to the premises had been vested in McKee, and the testimony was irrelevant and incompetent. Then the defendant proposed to prove that at the sheriff's sale McKee was acting for and purchased for Huckenstein; that he paid the bid to the sheriff with Huckenstein's money; that he agreed that no title should pass to him and he claimed none; and that he had acted in the matter to assist Huckenstein, who was physically unable to attend to it himself. This also was rejected. If true, McKee had only a naked legal title and could have been compelled to convey to Huckenstein, had he refused to convey on demand. He was a trustee without interest, and with no duty, except to convey the legal title to the actual owner of the land.

Huckenstein had filed an affidavit of defence setting out the alleged usury and facts entitling him to defalk it. He pleaded usury, and payment with leave to prove the facts stated in the affidavit. The issue related to the usury in the plaintiff's claim, and the burden of proof was upon the defendant. The offers of testimony aforesaid, especially the first, were pertinent to the issue, and the refusal of the first for the reason given, made the second material. Unless the defendant adduced proof tending to establish that Mrs. Comingo loaned the money to Huckenstein, his defence would fail. His affidavit averred this fact. The offer to prove it could only be understood with reference to the parties and the issue. The plaintiff's counsel understood it, and, with his objections, proposed to stipulate that the judgment in this case should not bar the defence of usury in a suit

[Pusey *v.* City of Allegheny.]

on the bond. It would have been useless for the defendant to have formally offered proof of the usury after the groundwork for its reception had been rejected. The fourth and fifth assignments must be sustained.

In view only of the prior rulings in the case, can it be said that the offer set out in the fifth assignment was admissible. In truth, Huckenstein was the defendant in the issue and was interested in the result, even if the title had passed to McKee. The doctrine in Miners' Trust Co. B. *v.* Rosebury, 31 P. F. Smith 309, does not apply to an action against the mortgagor. How could he defend for usury in a suit on the bond after an adjudication that its whole amount was due upon the mortgage?

Judgment against Thomas McKee reversed, and judgment against defendant Huckenstein, reversed, and venire facias de novo awarded.