# Lester, to use of Laurelton State Bank, v. Kleckner.

*Promissory notes—Negotiability—Warrant to confess judgment prior to maturity—Defences—Negotiable Instruments Act of May 16, 1901.*

1. A promissory note containing a warrant to confess judgment prior to maturity is a non-negotiable instrument and is subject to all the equities between the original parties.

2. To preserve the negotiable character of an instrument which contains a confession of judgment it must appear, as provided in article i, section 5 (2), of the Negotiable Instruments Act of May 16, 1901, P. L. 194, that the confession of judgment is authorized only if the instrument is not paid at maturity.

Rule to open judgment. C. P. Union Co., Sept. T., 1923, No. 91.

*Curtis C. Lesher,* for rule; *Harry M. Showalter,* contra.

POTTER, P. J., June 16, 1924.—On or about Feb. 1, 1923, one Hodge Lester, who held himself out as an agent for the Keith Cut Rate Store, Inc., of Lebanon, Pa., approached the defendant, Charles G. Kleckner, and solicited his subscription for stock in this concern at the sum of $15 per share.

It was represented to the said defendant by the said Hodge Lester, agent, that by becoming a stockholder in this concern, he would be able to buy from the Keith Cut Rate Store, Inc., practically all kinds of wares and merchandise for family use, except ready-made clothing, at about 25 per cent. below the prices for which these same goods were selling in other stores; that before he could buy from the said store at the said reduction of 25 per cent., he must first have a stockholder's purchasing card, which must be presented to the said store to entitle him to the said reduction in prices; that he would also receive a stockholder's catalogue giving him stockholder's special prices.

That on the strength of these representations the defendant subscribed for and purchased five shares of said stock at the price of $15 a share, or a total of $75, in payment of which he gave his judgment exemption note, under seal, payable at the Laurelton State Bank on Feb. 1, 1923, to the order of Hodge Lester, agent, four months after date, the following being a copy of the note as well as of the assignment written on the back of it under date of Feb. 8, 1923, to wit:

"$75.00.                                   Laurelton, Pa., Feb. 1, 1923.

"Four months after date, I, we, or either of us, promise to pay to the order of Hodge Lester, Agt., at Laurelton State Bank, seventy-five dollars, no inter-

est, without defalcation, for value received, and further we do hereby author-
ize and empower any attorney of any court of record in Pennsylvania or else-
where to appear for him and confess judgment for the above sum, with or
without declaration, with costs of suit, release of errors, without stay of
execution, and with ten per cent. added for collection fees; and also waive
the right of inquisition on any real estate that may be levied upon to collect
this note, and do voluntarily condemn the same and authorize the Prothono-
tary to enter upon the *Fi. Fa.* said voluntary condemnation; and furthermore
agree that the said estate may be sold on a *Fi. Fa.* and hereby waive and
release all relief from any and all appraisement, stay or exemption laws of
any state now in force or hereafter to be passed; and also waive the benefit
of the present or any further bankrupt law that may be passed by the United
States.                                      CHAS. G. KLECKNER    Seal
                                                                 Seal"

                                             "Laurelton, Pa., 2/8, 1923.
"For value received, I or we hereby guarantee the payment of the within
note at maturity to Laurelton State Bank, Laurelton, Pa., or order, and con-
sent to any extension of time or renewal, waiving demand, notice and protest;
and, I or we, do hereby confess judgment for the same, and authorize the
Prothonotary, or any Attorney of Record, to appear and enter judgment
against me or us, and with the same right to collect from me or us as the
holder thereof would have against the maker or makers thereof, waiving the
stay, exemption and inquisition laws of Pennsylvania.
                                             HODGE LESTER, Agt.    Seal"

This note was entered of record and judgment was confessed thereon on
Aug. 20, 1923, and on the same day execution was issued thereon and levy
made.

It will be noted that this note became due on June 1, 1923. The said
defendant received no certificate or certificates of stock, no purchasing card,
no stockholder's catalogue, nor, in fact, anything that had been promised to
him. He received nothing, and, upon maturity of the said note, he refused
payment, and execution followed his refusal.

On Sept. 3, 1923, a petition was duly presented to the court by the defend-
ant, asking for a rule upon the use-plaintiff, requiring them to show cause
why this judgment should not be opened and the defendant let into a defence.

The use-plaintiff filed its answer, the various stages of pleading were gone
through with, and it is now this rule we have before us for disposition.

The first and the vital question we have before us is as to whether or not
this note is negotiable, and we have no hesitation in saying that it is not.
Under the provisions of this note, it could have been entered as a judgment
any time after it was executed, even before maturity, and that fact at once
destroys its negotiability.

Section 5 of the Negotiable Instruments Act of May 16, 1901, P. L. 194,
provides, *inter alia*, as follows: "An instrument which contains an order or
promise to do an act, in addition to the payment of money, is not negotiable.
But the negotiable character of an instrument, otherwise negotiable, is not
affected by a provision which authorizes a confession of judgment *if the
instrument be not paid at maturity.*"

The warrant of attorney to confess judgment in a promissory note destroys
the negotiability of a note: Baker, to use of Minick, *v.* Nipple, 16 Pa. C. C.
Reps. 659.

A note which contains an authorization to confess judgment generally, and
on which judgment could be entered at any time, either before or after

maturity, is not negotiable under section 5 of the Negotiable Instruments Act of May 16, 1901, P. L. 194: Neill & Co., for use of Oil City Trust Co., v. Dawson, 11 Dist. R. 633. And the note in this case is identical with the note in question.

To preserve the negotiable character of an instrument which contains a confession of judgment, it must appear, as provided in sub-section 2 of section 5, article I, of the Act of May 16, 1901, P. L. 194, by the terms of the instrument itself, that the confession of judgment is authorized only if the instrument is not paid at maturity. And any note, to be negotiable, must conform to the provisions of this act: Cox, to use of, &c., v. Shenk, 28 Dist. R. 160. And there is no such provision in the note before us.

Under the Act of May 16, 1901, § 5, P. L. 194, the effect of a provision in a bond authorizing a confession of judgment before maturity is to make the instrument non-negotiable. And the assignee of a bond who fails to make inquiry takes it subject to any defence to which it was subject in the hands of the obligor: Volk v. Shoemaker, 229 Pa. 407.

In the case of Green v. Dick & Shope, 72 Pa. Superior Ct. 266, the note was held to be negotiable because the warrant of attorney authorized a confession of judgment "at any time after the note became due." It will be noted that the note in that case could not have been entered till after it was due, while in the case at bar the note could have been entered any time after its execution and before it was due. The difference in these two cases is easily distinguished.

In the case of Lester Bros., to use of First National Bank of Saegertown, v. Shoop, 2 D. & C. 762, Judge Prather, in a lengthy and well-defined opinion, decides that "a warrant in a promissory note to confess judgment before maturity renders the note non-negotiable," and cites numerous authorities in support of his position, all of which are in complete harmony with our views herein expressed.

A promissory note containing a general warrant of attorney, as in the case at bar, to confess a judgment without the restriction "if not paid at maturity," or words of like meaning, is not a negotiable note under the Act of 1901, and, on assignment before maturity, is not freed from any defence which the maker had against the original holder: Hipple v. Stoner, 14 Dist. R. 631.

The general rule is that he who takes a non-negotiable note takes it subject to all the equities between the original parties. The very fact that the note is non-negotiable is sufficient to put the transferee on inquiry. He cannot recover where the payee cannot: Baker, to use of Minick, v. Nipple, 16 Pa. C. C. Reps. 659.

In this case the defendant bought five shares of stock for $75, which was to entitle him to certain privileges as a stockholder of the Keith Cut Rate Store, Inc. He was promised a stockholder's purchasing card, without which he could not enjoy the privileges promised him. He was also to have a catalogue giving him stockholder's prices. He has not received his stock, nor the purchasing card, nor the catalogue, nor, in fact, anything; nevertheless, he is asked to pay his $75 for what? Nothing.

On the general rule that an endorsee or transferee of a non-negotiable note takes it subject to the equities between the original parties, we think this judgment should be opened and the defendant let into a defence on the ground of, at least, want of consideration.

And now, to wit, June 16, 1924, the rule is made absolute and the defendant is let into a defence. An exception is noted for the plaintiff.

From Charles P. Ulrich, Selinsgrove, Pa.