# Theyken et ux. *versus* Howe Machine Co.

1. The assignee of a specialty takes it subject to the equities of the obligor.

2. An assignor of a mortgage, without taking a declaration of no set-off, or making inquiries of the mortgagor as to conditions in the way of payment, takes the mortgage subject to any equities between the parties.

3. A. was an agent of a machine company, had its machines marked with its name in his hands for lease and sale, had printed leases of the company with his name on as special agent, which the agent filled up when he made leases of the machines, and sent to the company's office. In an action by the company against a defendant who relied upon an alleged contract made with said agent:

*Held*, that such evidence should be submitted to the jury to determine the question of agency.

February 18th, 1885.    Before MERCUR, C. J., GORDON,

TRUNKEY, and CLARK, JJ.  PAXSON, STERRETT and GREEN, JJ., absent.

ERROR to the Court of Common Pleas, of *Lehigh county :* Of July Term, 1884, No. 43.

*Scire facias* by the Howe Machine Company on a mortgage given by Lawrence Theyken and Emily C., his wife, to William H. Ruhf, on March 2d, 1874, who assigned it to William H. Deshler, on August 2d, 1874, and the said William H. Deshler assigned the same to the plaintiff on December 17th, 1874 ; an affidavit of defence being filed, the case was referred to arbitrators who awarded in favor of defendants, from which plaintiff appealed.   The defendants at the trial entered a plea of *non est factum,* payment with leave, etc.

On the trial before ALBRIGHT, P. J., evidence was given on the part of the defendants to the effect that the face of the mortgage had been raised from $400 to $453 ; that the Howe Machine Company had an office in Allentown from 1872 to 1877, and that William H. Deshler was the general manager ; that Mr. Deshler handled and sold the machines of the company, sometimes by the dozens ; leases of machines were made in the name of the company and returned to Deshler ; that Deshler signed his name to the agreement which he made with the defendant, " William H. Deshler, special agent."

The defendants then made the following offers of evidence, Lawrence Theyken being upon the stand :—

" Defendants propose to prove that William H. Deshler was the agent of the Howe Machine Company in 1872, 1873, 1874, and 1875 ; that the witness (Lawrence Theyken) was also one of the agents of the company, selling and leasing machines for the company ; that the contract between the company and Theyken was that the commissions which he had earned on the machines should be paid in this way, viz:   That the company would pay the mortgage and then satisfy it, and then charge him with the amount of mortgage with interest upon his account against the company ; that these commissions and other claims amounted to $486.60 on May 12th, 1875 ; that William Ruhf, after the mortgage was due and payable, demanded this money ; that Theyken went to William H. Deshler, the agent of the company, and told him that the company had to pay him his commissions ; that Mr. Ruhf desired to have his mortgage paid, to which Mr. Deshler replied that he would buy the mortgage and pay it and charge him with the amount ; that it was distinctly agreed between the parties that this mortgage should be paid in the manner indicated."

Objected to by plaintiff as incompetent and irrelevant and not admissible under the pleadings, because the subject matter

proposed to be set off as a defence to the mortgage is matter not arising out of the transaction out of which the mortgage arose, and hence is not admissible as a set-off, and therefore barred by the Statute of Limitations, and because William H. Deshler had no authority to make the alleged contract for the Howe Machine Company, if any such contract was made.

THE COURT. "The Court permit the defendants to show that the contract between the company and Mr. Theyken was, that the commissions should be paid in a particular way; that is, that the company would pay the mortgage and have it satisfied and charge the witness with the amount of the mortgage. If it is proposed to show that the defendants made this contract with William H. Deshler, then the defendants are required by the Court to show, in the first place, the authority of Deshler so as to bind the company, with the order of proof thus indicated." Objection overruled. Exception.

Q. "Your commission against the company is how much?" Objected to.

THE COURT. "The Court understand this to be an offer to prove the amount as stated in the general offer, and there being no evidence from which it could be found that Mr. Deshler had authority to make the contract for the company, as set forth in the offer of evidence, the objection is sustained, and the objection to the offer of evidence heretofore made by the defendants which was objected to and ruled upon at the time, is sustained." Exception.

Defendants propose to show that Lawrence Theyken acted as a selling agent for the Howe Machine Company from August 17th, 1872, to May 12th, 1875, and during that time his commissions on the sales and leasings of machines for the company amounted to $486.60, and that the same has never been paid.

Objected to as incompetent and irrelevant, because what is proposed to be set forth is barred by the Statute of Limitations." Objection sustained. Exception.

Q. "Did you sell a machine for the Howe Machine Company on May 13th?"

Objected to as incompetent and irrelevant.

THE COURT. "The Court understood this to be an offer to show something that is contained in the general offer, and as the Court has already indicated, the evidence thus proposed to be given will not be received unless there is first evidence from which agency on the part of Deshler to bind the company can be found, or some action on the part of the officers of the company from which it can be found that the company agreed that this mortgage should be paid by the earnings of Theyken."

Objection sustained. Exception.

13 OUTERBRIDGE—7

[Theyken *v.* Howe Machine Co.]

" Defendant proposes to show by the witness that some time in 1875 he went to the office of William H. Deshler, who was a special agent of the Howe Machine Company, and demanded money due him as commissions, because he had to pay a mortgage to William Ruhf, the mortgage in suit; that Mr. Deshler then said he would pay the mortgage; that he could dispose of some machines to Mr. Ruhf, and in that way the company could make some money by the operation; that in pursuance of the representation of Mr. Deshler to Mr. Theyken he consented to the arrangement, viz., that Mr. Deshler, as agent of the company, should pay the mortgage, and that at this time Mr. Theyken had a balance to get from the company amounting to more than the mortgage due to Mr. Ruhf."

Objected to as incompetent and irrelevant, because it has not been shown that Mr. Deshler was the agent of the company, authorized to make an arrangement like that alleged in the offer. In point of fact the company did own the mortgage for over a year at the time alleged by assignment to William H. Deshler.

Objection sustained. Exception.

Verdict for plaintiff for $703.48, and judgment thereon; whereupon defendants took this writ, assigning for error the action of the court in excluding the above offers of evidence.

*Evan Holben* for plaintiffs in error.—The errors assigned to the rulings of the court below all hinge upon a single question: Was the evidence of the defendant in the court below sufficient to establish such an agency of William H. Deshler with the company as to allow the defendant to show what amount the company owed him when he left its employ? The authority of an alleged agent may be established by circumstances; what is sufficient evidence of agency is a question for the jury: Valentine *v.* Packer, 5 Barr, 333; Bank *v.* Mechanics' Bank, 12 Am. Law Reg. 51. The fact of agency may be shown by the acts of the agent and their recognition by the principal: Woodwell *v.* Brown, 8 Wr., 121; Balt. and Phila. St. Co. *v.* Brown, 4 P. F. S. 77.

*John Rupp* (*James B. Deshler* with him), for defendants in error.—Where there is no evidence, or a mere scintilla of evidence, it is the duty of the court to take the case from the jury: Howard Express Co. *v.* Wile, 14 P. F. S. 201; Hyatt *v.* Johnston, 10 Norris, 196; Raby *v.* Cell, 4 Norris, 80.

The burden of proof rests upon the party making the allegation to show agency and the extent of an agent's authority, in order to bind a principal. The declarations of an agent, or acts done by him, are not evidence, unless shown to be said or done

with the knowledge of his principal: Whiting & Co. v. Lake, 10 Norris, 349; Clark v. Baker, 2 Wharton, 340; Plumsted v. Rudebah, 1 Yeates, 502; Hannay v. Stewart, 6 Watts, 487; Grim v. Bonnell, 28 P. F. S., 152; Moore v. Patterson, 4 Casey, 505; American Underwriters' Association v. George, 1 Out., 238.

Ratification of a contract by a principal necessarily implies the relation of principal and agent, which relation must be proved: Pittsburg and Steub. Railroad Co. v. Gazzam, 8 Casey, 340; Porter v. Patterson, 3 Harris, 229; Schrack v. McKnight, 3 Norris, 26.

Mr. Justice GORDON delivered the opinion of the court, April 13th, 1885.

The rulings of the Court below cannot be sustained. We are brought to this conclusion for two reasons which to us seem sufficient. The agency of Deshler, the assignor of the plaintiff, was sufficiently proved, or, at least, the evidence thereof as adduced by the defendant, ought to have been submitted to the jury. Deshler had charge of the business of the Machine Company; its machines, marked with its name, were in his hands for lease or sale. The lease given in evidence was written on the company's blank; it was executed by Deshler, and in it he was recognized as a special agent. This lease, or conditional sale, when executed, was sent to the company's office, and when paid it was returned to Theyken as the company's vendee. In this the case resembles that of the Baltimore and Philadelphia Steamboat Co. v. Brown, 4 P. F. S., 77, in which it was held, that where the company's printed bill of lading held out one as a general agent, it was idle to attempt to deny his authority. So we may say here; Deshler was attending to the plaintiff's business, and selling its machines, and in the face of the fact that his name appears as special agent on its printed blanks, which were filled up and sent to its general office, it was idle to attempt to deny that agency.

There is, however, this second reason for sustaining the exceptions of the plaintiffs in error. The assignee of a specialty takes it subject to the equities of the obligor, and this rule holds good as well in the case of a mortgage as of any other sealed instrument: Mott v. Clark, 9 Barr, 399; Twitchell v. McMurtrie, 27 P. F. S., 383.

In the absence of a certificate of no set-off it is the business of the assignee of a mortgage to make inquiries of the mortgagor as to its condition in the way of payment or equitable set-off, and if he does not choose so to do he must take upon himself the risk of such neglect. Now, if the evidence is to be believed, Deshler took an assignment of Theyken's mort-

gage to Ruhf under the express arrangement that the commissions due him, Theyken, from the company, were to be applied in payment of it, and as these were in excess of the amount thereof, the moment the assignment was executed to Deshler, the mortgage was, in equity, satisfied, and there was nothing left which he could assign to the company. In other words, the plaintiff, having received a transfer of this specialty without a certificate of no set-off, and without inquiry of Theyken, is in no better position than its assignor. This is not like the case of a mere set-off which the mortgagor might have against the assignee, and which, as we held in Blair *v.* Mathiott, 10 Wr., 262, and Downey *v.* Tharp, 13 P. F. S., 322, could not be made available against a subsequent assignee, for in the case in hand there was the equivalent of an actual payment by Theyken to Deshler, and the assignment afterwards to the plaintiff was a fraud, easily discoverable by inquiry of the mortgagor. In this it is like Reineman *v.* Robb, 2 Out., 474, and we must regard it as governed by the principles therein announced. We may also observe that Mr. Justice Thompson, who delivered the opinion of the court in Blair *v.* Mathiott, seems to admit that a payment to the first assignee might be made available as a prior and superior equity, but says, "every claim would not possess the same merit."

This is undoubtedly correct, but as in the case in hand the defendants' offer was to prove a direct payment, or, as we have said, what was equivalent to a direct payment, we think it should have been received.

The judgment is reversed and a new venire ordered.