Myerstown Bank, Appellant, *v.* George F. Roessler, Executor of the last Will and Testament of George B. Roessler.

*Mortgage—Set-off—Notice—Assignment.*

The assignee of a mortgage, although allowed to sue in his own name, takes it subject to all the equities in favor of the mortgagor existing at the time of the assignment.

Where a mortgage is given to secure the payment of certain promissory notes made by the mortgagor, which notes are renewed at maturity, and before the renewal notes are paid the mortgage is assigned to a third person to secure the mortgagee's notes held by him, he cannot enforce the collection of the mortgagee's notes by scire facias on the mortgage.

*Mortgage—Assignment—Parol testimony—Evidence—Estoppel.*

On a scire facias sur mortgage by an assignee of a mortgage against the mortgagor, parol testimony is admissible to prove that the mortgage was to be held as security for certain promissory notes owing by the mortgagor to the mortgagee, and that the mortgagee was not to assign the mortgage to other persons.

On a scire facias sur mortgage by an assignee of the mortgage against the mortgagor, where it appears that there was an agreement between the

mortgagor and the mortgagee that the mortgage was to be security for certain promissory notes, and was not to be assigned, letters written by the executor of the mortgagor after the assignment to the assignee stating that nothing had been paid on account of the mortgage by the mortgagor, will not create an estoppel against the mortgagor's estate.

*Evidence—Cross-examination—Discretion of trial court.*

The Supreme Court will not review the discretion of the trial court in excluding unimportant questions put to a witness on cross-examination.

Argued Jan. 11, 1898. Appeal, No. 253, Jan. T., 1897, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1895, No. 181, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur mortgage. Before McMICHAEL, J.

At the trial it appeared that the mortgage in suit was given in July, 1891, by George B. Roessler to Samuel Urich. In August, 1893, Urich assigned the bond and mortgage to the plaintiff as collateral security for the payment of his promissory notes to the bank. Subsequently and after the death of the mortgagor, the following letters passed:

" February 14th, 1895.

"MR. SAMUEL URICH,

"*Dear Sir :*—Nothing has been paid either principal or interest on the mortgage of four thousand dollars, given July 31st, 1891 by the late G. B. Roessler.

"Yours truly,

"(Signed) CHARLES A. ROESSLER."

Copy of letter written on one of the regular letter heads of the Myerstown Bank:

"MYERSTOWN BANK.

"MYERSTOWN, PENN'A, May 27th, 1895.

"To MESS. G. F. ROESSLER, Administrator of the Estate of "GEO. ROESSLER, Decd. and CHAS. A. ROESSLER.

"*Gentlemen :*—A certain mortgage given by Geo. B. Roessler to Samuel Urich for four thousand dollars, recorded in the city of Philadelphia, August 26th, 1891, was transferred (together with accrued interest thereon) to the Myerstown bank by deed

of assignment recorded also in the office for the recording of Deeds &c., Mortgage book 150 page 103 &c. Aug. 23rd, 1893. I have the written statement of Chas. A. Roessler that nothing has been paid on either principal or interest of said mortgage, and I hereby notify you again to pay no interest thereon, either accrued, or to be accrued—unless to the said bank until otherwise notified by us.

"Respectfully,

"(Signed)	GEO. H. HORST,

"Cashier."

"PHILADELPHIA, May 31, 1895.

"MYERSTOWN BANK.

"MR. G. H. HORST, Cashier.

"*Dear Sir:*—Your favor of the 27th inst., to hand, and in reply will say that your instructions in regard to interest on mortgage will be observed as requested.

"Yours truly,

"(Signed)	CHAS. A. ROESSLER."

"PHILADELPHIA, Nov. 7th, 1895.

"MYERSTOWN BANK.

"*Gentlemen:*—Nothing has been paid of either principal or interest on the mortgage of four thousand dollars given to Samuel Urich by G. B. Roessler and held by you as collateral security, and that the estate of G. B. Roessler owes the amount of principal and interest to date.

"(Signed)	CHAS. A. ROESSLER.

"Manager of the Estate of G. B. Roessler under the Will."

Other facts appear by the opinion of the Supreme Court.

When Samuel Urich, called by defendant as if for cross-examination, was on the stand he was asked this question by plaintiff's counsel:

"Q. How did you come to get this letter?"

Objection by defendant.

The Court: The objection is sustained because the witness, having been called for cross-examination under the act of assembly, it is not permissible that he should be again cross-examined. Exception for plaintiff. [3]

When Charles A. Roessler, a witness for defendant, was on

the stand, he was asked this question by plaintiff, on cross-examination:

· "Q. How did you come to write these letters?"

Objection. Objection sustained. Exception for plaintiff. [4]

Plaintiff's points and the answers thereto among others were as follows:

2. There is no sufficient evidence in this case that by reason of fraud, accident or mistake, the instruments sued on do not contain the contract made by the parties thereto. *Answer:* That is declined. [2]

4. Under all the evidence the verdict should be for the plaintiff. *Answer:* That is declined. [1]

Defendant's points and the answers thereto among others were as follows:

·1. If the jury find that Samuel Urich, the mortgagee, agreed, at the time the mortgage in question was given, with George B. Roessler, the mortgagor, that he was to hold said mortgage as collateral security only for the payment of certain promissory notes of the firm of George B. Roessler & Son, or any renewals thereof, and that he was not to part with said mortgage; that he assigned said mortgage to the Myerstown Bank, the plaintiff, as collateral security for his own indebtedness to said bank; that the said bank did not hold any notes of G. B. Roessler & Son at the time this suit was brought; that the owners of the mortgaged premises had no notice at the time of the assignment of said mortgage, and did not consent to the assignment thereof, the plaintiff is not entitled to recover, and the verdict should be for the defendant. *Answer:* That is affirmed, unless the assignee inquired of the mortgagor and was misled by him. [5]

3. Charles A. Roessler is not a party to the record or to the mortgage in question and any declaration made, or writing signed, by him, could not affect the defendant in this case, or be sufficient to justify a verdict for the plaintiff. Although such declaration or writing may affect his individual interest, it cannot affect the decedent's estate in this suit. *Answer:* That is correct, unless he was acting by or with authority. That question of authority would be with the other questions for you. [6]

6. Any declarations of the parties in interest made subsequently to the assignment of the mortgage cannot create an

estoppel, or entitle the plaintiff to recover.  *Answer :* That is affirmed. [7]

Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were (1, 2, 5–7) above instructions, quoting them; (3, 4) rulings on evidence, quoting the bill of exceptions; (8) that the charge as a whole was inadequate and misleading.

*Leoni Melick,* with him *Frederick S. Drake, John Sparhawk, Jr.,* and *Sheldon Potter,* for appellant.—The defense sought by a collateral contract to reform the bond and mortgage; but there is no sufficient evidence in this case that, by reason of fraud, accident or mistake, the instruments sued on do not contain the contract made by the parties thereto: Phillips v. Meily, 106 Pa. 536; Sylvius v. Kosek, 117 Pa. 67; Murray v. R. R., 103 Pa. 37; Honesdale Glass Co. v. Storms, 125 Pa. 268.

A witness called as for cross-examination is subject to cross-examination like any other witness: Gunnis v. Abbett, 17 W. N. C. 424; Cameron v. Montgomery, 13 S. & R. 128.

*Charles H. Sayre,* with him *Joseph H. Shoemaker,* for appellee.—An assignee of a mortgage takes it subject to all defenses, unless he ascertains from the mortgagor that there are none: Twitchell v. McMurtrie, 77 Pa. 383; Horstman v. Gerker, 49 Pa. 282; Theyken v. Howe Machine Co., 109 Pa. 95: Faull v. Tinsman, 36 Pa. 108. Where there is a secret agreement between the obligor and obligee of a bond, restricting its collection to certain property of the obligor, an assignee of the bond for value, who purchased without notice of the agreement, but without inquiry of the obligor, will be affected thereby: Lane v. Smith, 103 Pa. 415; Wilson v. Ott, 173 Pa. 253. An agreement to apply board to the payment of a mortgage was enforced against an assignee: Morgan's App., 126 Pa. 500; see also 1 Beach, Eq. Juris. sec. 342; 2 Spence, Eq. Juris. 863; 2 Pomeroy, Eq. Juris. sec. 704.

The range of cross-examination must be left to the sound discretion of the trial judge, and the judgment will not be reversed unless such discretion has been plainly abused: Bohan v. Avoca Borough, 154 Pa. 404; Jackson v. Litch, 62 Pa. 451.

OPINION BY MR. JUSTICE GREEN, July 21, 1898:

The plaintiff's witness, George H. Horst, cashier, testified on the trial that at the time the assignment of the Roessler mortgage to Urich was taken he did not ask the mortgagor whether he had any defense to the mortgage. He also testified that the bank had no Roessler notes when the assignment was taken, and that they had none when the present action of scire facias on the mortgage was brought, and also that they held no such notes at the time of the trial. He also testified that Urich, the mortgagee, was indebted to the bank, on other notes, not given by Roessler, to a considerable amount at the time the assignment of the mortgage was taken, and still held such notes at the time of the trial. It was also proved, and not contradicted, that when the mortgage was given by George B. Roessler in July, 1891, to Samuel Urich, he held Roessler notes to the amount of about four thousand dollars, and that the mortgage was given at his, Urich's, instance to secure the payment of those notes. It was further testified that although the original notes given by Roessler to Urich had been taken up and destroyed, other notes of the same amount were given in renewal of them, and these latter notes were still due and unpaid at the time the mortgage was assigned, and at the time of the trial. It will thus be seen that the present proceeding by scire facias on the mortgage given by George B. Roessler to Samuel Urich, for the purpose of securing the payment of notes which Urich held against Roessler, is an attempt to compel the payment of debts due by Urich to the Myerstown bank, for which Roessler was not responsible, and that if the plaintiff recovers in this proceeding, the debts due by Roessler to Urich will not be paid, but Roessler's property will be sold to pay Urich's debt to the bank. There is not the least question as to the law of this case as it affects the plaintiff bank. That they took the mortgage subject to all the equities of the mortgagor against the mortgagee is as plain as the sun at noonday. A brief reference to a few of our own decisions will suffice. In Horstman v. Gerker, 49 Pa. 282, we held that the assignee of a mortgage, though allowed to sue in his own name, takes it subject to all the equities in favor of the mortgagor existing at the time of the assignment. In this case a mortgage had been assigned as collateral security for the payment of certain promissory notes

held by the assignee. The assignee assigned the mortgage to another without notice to the mortgagor, who paid off the notes for which the assignment was made, and it was held a good defense to the mortgagee against the second assignee. In Lane v. Smith, 103 Pa. 415, it was held that the assignee of a bond who fails to make inquiry of the obligor, takes it subject to any defense to which it was subject in the hands of the obligee. Where there is a secret agreement between the obligor and obligee of a bond restricting its collection to certain property of the obligor, an assignee of the bond for value who purchased without notice of the agreement, but without inquiry of the obligor, will be affected thereby. In Theyken v. Howe Machine Co., 109 Pa. 95, GORDON, J., delivering the opinion of the court, said : " The assignee of a specialty takes it subject to the equities of the obligor, and this rule holds good as well in the case of a mortgage as of any other sealed instrument. . . . In the absence of a certificate of no set-off, it is the business of the assignee of a mortgage to make inquiries of the mortgagor as to its condition in the way of payment or equitable set-off, and if he does not choose to so do he must take upon himself the risk of such neglect. Now if the evidence is to be believed, Deshler took an assignment of Theyken's mortgage to Ruhf under the express arrangement that the commissions due him, Theyken, were to be applied in payment of it, and as these were in excess of the amount thereof, the moment the assignment was executed to Deshler the mortgage was, in equity, satisfied, and there was nothing left which he could assign to the company. In other words, the plaintiff having received a transfer of this specialty without a certificate of no set-off, and without inquiry of Theyken, is in no better position than its assignor."

This decision is conclusive of the present contention, and it goes, in its facts, much beyond anything required in the case at bar. In the cited case the mortgage was to be paid in the future by commissions then unearned, whereas, in the case we are now considering, the mortgage was claimed to have been given (and the jury has so found) to secure existing and definite obligations. The same doctrine was applied in Morgan's Appeal, 126 Pa. 500, in which a boarding bill of the mortgagor was permitted to be set off against the assignee of a mortgage, and in Wilson v. Ott, 173 Pa. 253. It is beyond all contro-

versy that when the plaintiff bank took an assignment of the present mortgage, they took it subject to all the equities which the mortgagor might have asserted against the mortgagee.

The only reply made to this contention for the appellee, is, that the introduction of parol testimony to prove that the mortgage was to be held as security for certain promissory notes owing by the mortgagor to the mortgagee, and that the mortgagee was not to assign it to other persons, would be a violation of the rule which prohibits the alteration of written instruments by parol. But this contention is a very grave mistake and cannot be sustained for a moment. The evidence offered does not change, alter or contradict the terms of the mortgage in any respect. It was not offered for any such purpose, and it does not, and cannot, have such an effect. The evidence was offered and admitted simply to prove that the mortgage was to be held and used for a certain purpose, to wit: to secure the payment of certain promissory notes which were owing by the mortgagor to the mortgagee. Such evidence does not impair or change the instrument in any degree. It was entirely competent to prove such an agreement against the mortgagee if he had been the plaintiff, and the authorities already cited prove conclusively that it was equally competent to prove it against the plaintiff bank as assignee of the mortgagee. All the cases cited, and they are but few of the whole number to the same effect, must necessarily be based upon the same idea. Thus, in Lane v. Smith, supra, Mr. Justice TRUNKEY, delivering the opinion, said: " The first three assignments of error relate to the same question, namely, whether the assignee of the bond can be affected by the verbal agreement between the obligor and the obligee set out in the offer of testimony which is the subject of the first assignment. At the argument the plaintiff contended that such agreement could not avail to relieve the obligor from personal liability, even as against the obligee. But the point has been settled in Pennsylvania, in Irwin v. Shoemaker, 8 W. & S. 75, wherein it was decided that, in an action on a bond secured by a mortgage given for purchase money of land, the defendant may prove that it was part of the contract that the plaintiff was to look alone to the property sold for payment. As a general rule the assignee of a bond takes it subject to every equity which might have been set up against it in the hands of the obligee."

The contention that the proposed verbal testimony would prove that the bond and mortgage were not assignable, and that this was a contradiction of its terms, is entirely untenable. There was no offer to prove that the bond was not assignable, but simply to prove an agreement by the mortgagee that he would hold it to secure the payment of certain obligations, and that he, the mortgagee, would not assign it to other persons in prejudice of the mortgagor. This was merely an agreement by the mortgagee that he, the mortgagee, would not make an assignment of the mortgage to the injury of the mortgagor. Under all the authorities it is competent to prove by parol that it was a part of the whole contract of the parties that the written instrument, whatever it was, should not be used in a certain way. This was one of the excepted cases stated in the opinion in Phillips v. Meily, 106 Pa. 536, in which parol testimony may be admitted to affect a written instrument, to wit: " Where there has been an attempt to make a fraudulent use of the instrument, in violation of a promise or agreement made at the time the instrument was signed, and without which it would not have been executed." It is not necessary to pursue the discussion, the question is entirely free of difficulty.

Turning now to the testimony in support of the defendant's contention, it is only necessary to say that it was simply overwhelming, and not at all contradicted. The mortgagor himself testified that he had made the agreement alleged, with the mortgagee, giving the most precise details, and the son of the mortgagor, who was present when the mortgage was executed, testified most explicitly to the same effect. Moreover the jury has found that the alleged agreement was made, and we do not see how they could have found any other verdict. The foregoing views dispose of the first, second and fifth assignments of error, all of which are dismissed.

The letters offered and received in evidence were of no kind of consequence and could not help the plaintiff in any point of view. They expressed the precise fact that nothing had been paid on the principal or interest due upon the mortgage, and that the estate of G. B. Roessler still owed the whole amount of the mortgage. This resulted from the fact that the notes for securing which the mortgage was given were not paid, but renewed at maturity, and that the renewed notes were still un-

paid when the letter of November 7, 1895, was written. The whole matter was fully explained by the testimony. As a matter of course the letters could not operate as an estoppel as the plaintiffs had parted with nothing on the faith of them. The assignment had been made long before. The third and fourth assignments have no merit, the questions asked were altogether unimportant, and they were put in cross-examination, which is subject to the discretion of the court.

The answer of the court to the defendant's third point was entirely correct, and therefore the sixth assignment cannot be sustained, and the same is true as to the answer to the defendant's sixth point, and hence the seventh assignment must be dismissed. We do not agree that the charge was inadequate, and hence the eighth assignment is not sustained.

Judgment affirmed.