# Lane, to the use of Williams *versus* Smith.

1. The assignee of a bond, who fails to make inquiry of the obligor, takes it subject to any defence to which it was subject in the hands of the obligee.

2. Where there is a secret agreement between the obligor and obligee of a bond, restricting its collection to certain property of the obligor, an assignee of the bond for value, who purchased without notice of the agreement, but without inquiry of the obligor, will be affected thereby.

· 3. A point of law which ·was not raised in the lower court, and is based upon nothing in the record, will not be considered by the supreme court.

4. Davis *v.* Barr, 9 S. & R. 137, considered; Irwin *v.* Shoemaker, 8 W. & S. 75, followed.

April 23d 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Bucks county :* Of January Term 1883, No. 282.

Debt, by Dennis Lane to the use of Anthony T. Williams against Charles Smith, on a bond in the penal sum of $2,200, conditioned for ·the payment of $1,100, given by Lane to Smith, and by him assigned for a valuable consideration to Williams. Plea, payment, with leave, etc.

On the trial, before WATSON, P. J., the plaintiff put in evidence the bond, with the assignment to him for value indorsed thereon, and rested. The defendant then offered to prove by himself and another witness " that the bond in suit was given to secure part of the purchase money of real estate in New Jersey, bought by defendant of Dennis Lane, and that prior to, and at the time of the execution of the bond in suit, there was a parol agreement between the defendant and Den-. nis Lane, that the debt evidenced and secured by the said bond and the bond itself (the bond being also accompanied by a mortgage) should be restricted and confined in its collection and payment to the real estate then sold by Lane to Smith, and that there was to be no personal liability on the part of Smith thereon, and that the defendant executed the bond solely in pursuance of this agreement."

Objected to by plaintiff as improper under the pleadings, irrelevant to the issue and specially " because the suit is in favor of an assignee for value, and the only defence against him on the original equities between the original parties which can be made, is such as will reduce or extinguish the amount of the obligation." Objection overruled. Exception. (First assignment of error.)

The defendant and Lane then testified that the bond and accompanying mortgage were given as part payment for a certain property in Trenton, New Jersey ; that at the time of the execution of the bond, Dennis Lane verbally agreed with Charles Smith that he would hold the bond and mortgage only against the said property, and that there should be no personal liability on the part of Smith ; that after giving the bond, the property was sold at sheriff's sale, and did not realize enough to pay the mortgage, or any part thereof.

· The plaintiff presented the following point :

[Lane v. Smith.]

1. That the defendant cannot avail himself of the defence on the verbal agreement, that the property upon which the mortgage was given was to be the only source from which the debt could be collected, as against the assignee of the bond and mortgage for valuable consideration without notice.

Answer. I decline to instruct you as requested.

The court charged, inter alia, as follows:

A written agreement is the best evidence of what the contract was of which it speaks. Difficulty sometimes arises in construing it, but it is much less difficult to construe, much less liable to error, than an agreement or contract resting only in the recollection of the witnesses who heard it or were parties to it. In order to reform a written instrument, it must be shown by evidence, that is clear, precise and indubitable, what the parol or verbal agreement was, which was omitted from the writing, and which in reality constituted a part of the contract between the parties. A written instrument may, be reformed where by reason of fraud, accident or mistake, it does not express truly the contract between the parties, but to do this the evidence must be of the kind I have stated. The amount and value of the testimony and the credibility of the witnesses must be such as enables the jury to find clearly, distinctly and indubitably what was the contract of the parties. It is not sufficient for you to know, or think, that there was some change made in the contract as expressed in the writing. If you are not able to say with certainty what the change was, then you must let the writing stand. The evidence must be sufficient for you to determine not only that there was a change, but also in what the change consisted.

[If there was an agreement, such as has been testified to, that the bond and mortgage were to be collected only from the property then conveyed by Lane to Smith, and not from any other source; that Smith was not to be held personally liable on the bond; that he was not to be pursued by execution against any other property which he might have; and if the agreement was made at the very time when the bond was executed, and was the inducing cause for its execution and delivery, then the written contract, as evidenced by the bond, would be reformed in the same manner as if the verbal agreement had been incorporated in the bond and made a part of it. But to do this you must find, as I have already said, by evidence which is clear, precise, distinct and indubitable, that there was such a verbal agreement, and that it was made at the time of the execution of the paper, was the inducing cause for its execution, and constituted a part of the contract then made between the parties.] (Third assignment of error.)

[Lane *v.* Smith.]

If you are not satisfied there was such a verbal agreement, your verdict should be in favor of the plaintiff for the amount appearing to be due on the bond, with interest down to this day. If you find there was such a verbal agreement, your verdict should be for the defendant.

[In my opinion, it makes no difference that the bond was assigned by Lane to Williams, whose name has been added as the use plaintiff. The case is to be tried in the same manner and subject to the same proof as if there had been no assignment of the bond, and the action had been brought without the addition of the name of Mr. Williams as plaintiff.] (Second assignment of error.)

Verdict for defendant, and judgment thereon. The plaintiff thereupon took this writ of error, assigning for error the admission of the testimony referred to above, the refusal of his point, and the portions of the charge quoted in brackets.

*G. & H. Lear*, for the plaintiff in error.—An assignee who takes a bond for a valuable consideration cannot be affected by a verbal agreement between the original parties, of which he had no notice, by which the collection of the bond is restricted to a particular property; the secret equities which can be set up as a defence against an assignee being those only which relate to the quantum or existence of the debt, which may be proved for the purpose of ascertaining how much shall appear to be due at the time of the assignment: Davis *v.* Barr, 9 S. & R. 137; Frantz *v.* Brown, 1 P. & W. 257; Beckley *v.* Eckert, 3 Barr 292.

The court submitted the question of the verbal agreement to the jury upon insufficient evidence to reform a specialty, and without proper instructions as to the relative value of parol and written evidence. The evidence in this case fell far short of the standard: Spencer *v.* Colt, 8 Norris 314; Rowand *v.* Finney, 15 Norris 192: Thorne *v.* Warfflein, 12 W. N. C. 425; Penna. Canal Co. *v.* Harris 12 W. N. C. 433. This agreement was made in New Jersey and is to be governed by the laws of that state. Under its laws and decisions thereon, the obligor cannot avail himself of this secret agreement against a bona fide purchaser for value, and even if he could, the evidence in this case was insufficient to establish the equity: Chetwood *v.* Brittan, 1 Green Ch. 438; S. C., 3 Green Ch. 334; S. C., 1 Halstead Ch. 268.

[Mercur, C. J. Did you raise the question of lex loci in the court below?]

We did not.

*G. F. Gilkeson* (*Geo. Ross* and *L. L. James* with him) for defendant in error.—The case of Davis *v.* Barr, 9 S. & R. 137,

[Lane v. Smith.]

upon which the plaintiff chiefly relies, has been practically over-ruled by Frantz v. Brown, 1 P. & W. 257; from Wheeler's Assignee v. Hughes, 1 Dallas 23, down to the case of Williams et al., to use v. Wood et al., 1 W. N. C. 412, it has been held that the purchaser of a chose in action not negotiable, takes it sub-ject to the equities which the debtor may then have; and from the case of Irwin v. Shoemaker, 8 W. & S. 75, wherein it was held, that where a mortgage and bonds were given to secure the purchase money of land sold, it was competent in an action on one of the bonds for the vendee to prove that it was part of the contract, that the vendor was to look alone to the property sold for payment of the said purchase money, down to the case of Hoopes v. Beale, 9 Norris, page 82, wherein the same doctrine was held, the law has been settled in accordance with the ruling of the court below.

The question as to lex loci was not raised in the court below and cannot be assigned for error now: Dorman v. Turnpike Co., 3 Watts 126; Pitt Twp. v. Leech, 2 Jones 33; Uplinger v. Bryan, Id. 219; Wright v. Wood, 11 Harris 121. Besides this, there is nothing on the record or in the evidence to show that the contract was in point of fact made in the state of New Jersey.

Mr. Justice TRUNKEY delivered the opinion of the court, October 1st 1883.

Both parties to the bond testify that it was given for part of the purchase money of real estate in Trenton, New Jersey, and was secured by a mortgage on said real estate; that they agreed at and before the execution of the bond and mortgage that there should be no personal liability thereon, but be collec-tible out of said real estate only; and that the obligor refused to buy the property and give the bond, except upon such agree-ment. The obligee assigned the mortgage and bond to Wil-liams, who, having caused the mortgaged premises to be sold at sheriff's sale, now seeks to recover a personal judgment on the bond against the obligor.

The first three assignments of error relate to the same ques-tion, namely, whether the assignee of the bond can be affected by the verbal agreement between the obligor and obligee, set out in the offer of testimony which is the subject of the first assignment. At the argument the plaintiff contended that such agreement could not avail to relieve the obligor from personal liability, even as against the obligee. But this point has been settled in Pennsylvania, in Irwin v. Shoemaker, 8 W. & S. 75, wherein it was decided that in an action on a bond secured by a mortgage given for purchase money of land, the defendant may prove that it was part of the contract that the plaintiff was

[Lane *v.* Smith.]

to look alone to the property sold for payment. As a general rule the assignee of a bond takes it subject to every equity which might have been set-up against it in the hands of the obligee. Among the few exceptions to this rule is a collateral agreement by a separate writing that the obligee would not cause judgment to be entered on the bond, with warrant of attorney, in a specified place. It was said by Justice GIBSON that such an agreement in no respect affected the existence of the deed, and that the assignee was not bound to inquire of the obligor about matters of which he had no reason to suspect; the necessity of inquiry being limited to want of consideration and set off : Davis *v.* Barr, 9 S. & R. 137. Soon after, that eminent judge materially modified his opinion and remarked that " perhaps there will be rarely, if ever, a case to which the principle of that decision will be applicable :" Frantz *v.* Brown, 1 P. & W. 257. In the latter case he said, " The assignee is bound to take notice of every thing, as well a secret trust as want of consideration or set off, which may affect the existence of the debt between the original parties, unless the obligor after inquiry made, has withheld the requisite information." This principle is not militated by any subsequent ruling. In the late case of Hoopes, use of Baily's Administrators *v.* Beale, 90 Pa. St. 82, it was applied without question. What would have been the answer had Williams made inquiry of Smith? Not that he was liable to pay the bond, but that its collection was restricted by agreement to the mortgaged property alone. That restriction entered into the consideration of the bond ; was the condition upon which the bond, farm and other property were given for the mortgaged premises. Such answer would have been as pertinent to a proper inquiry as would actual payment, set off, or procuration of the bond by fraud. In Frantz *v.* Brown, supra, it was shown that there may be acts of the parties which effect the existence or quantum of the debt which are not referable to failure of consideration, or set off. Williams made no inquiry of the obligor, and the court rightly ruled that the cause should be determined as if there had been no assignment and the action had been brought by the obligee.

The fourth assignment is to a portion of the charge, but we are of opinion that it is free of error. It must be understood not only in connection with the other parts of the charge, but in the light of the conduct of the trial. The complaint is, that the court submitted the question of verbal agreement upon insufficient evidence, and without proper instructions as to the considering of the evidence, and that the portion of the charge contained in the assignment assumes that the legal effect of a specialty may be changed by a verbal agreement without reference to any question of fraud, accident or mistake. The time

[Osborne *v.* Everitt.]

and place of making the alleged verbal agreement and its terms in detail, were testified by each party, and if believed by the jury, they were bound to find its existence. In the written points presented to the court by the plaintiff there is no suggestion that the evidence was insufficient to submit to the jury, or that there was no evidence of fraud, accident or mistake. His points which related to the evidence that had been adduced to establish the alleged agreement were fairly answered and affirmed. Only one of his points was refused, and that was, that the verbal agreement would not avail the defendant as a defence against the assignee of the bond. In the charge, among other things, it was remarked, "A written instrument may be reformed where by reason of fraud, accident or mistake, it does not express truly the contract between the parties, but to do this the evidence must be of the kind I have stated." Had the plaintiff deemed fuller or more specific instruction on this point essential he could have obtained it by asking. The charge was clear and easily understood, and fairly covered all matters raised by the plaintiff's points; he has no reason to complain of omissions.

Nothing in this record can justify an inquiry whether the defence could prevail against the bond by the laws of New Jersey. It is not pretended that in the court below the plaintiff alleged the contract was made in that state, or that it was to be controlled by the laws of that state in its construction, or that said laws differed from the laws of Pennsylvania.

Judgment affirmed.