# Janes *v.* Benson, Appellant.

*Principal and surety—Judgment note—Delivery.*

Where a surety signs a judgment note under seal payable to a particular person from whom the principal, with the knowledge of the surety, expects to obtain the amount of the note as a loan, but the principal, failing to obtain the money from the payee, delivers the note without the consent or knowledge of the surety to another person who makes the loan, the surety is not liable on the note. In such a case the transferee is bound to make inquiry as to the principal's authority to change the payee or dispose of the obligation to a stranger without the surety's consent.

Argued April 26, 1893. Appeal, No. 404, Jan. T., 1893, by defendants, John A. Benson et al., executors of Wm. Benson, deceased, from judgment of C. P. Erie Co., May T., 1889, No. 184, on verdict for plaintiff, James Janes, to use of D. N. Patterson and A. H. Austin. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit to charge surety on sealed note.

The facts as they appeared at the trial before GUNNISON, P. J., are stated in the opinion of the Supreme Court.

Defendant's point was among others as follows:

" 1. That the note or obligation on which this suit is brought, being under seal, is a specialty and not commercial paper, and must be specially transferred by the payee named therein, in the same form, after the said payee had acquired title to said note by some positive act of his, and that a transfer of said note not in writing but by an alleged parol transfer cannot be inferred from any facts or circumstances that do not clearly show such ownership by the legal plaintiff and an intention on

his part to transfer his title thereto to the equitable plaintiffs in the case, and especially as Janes always refused to loan Mrs. Edwards the money on the note. *Answer :* The note or obligation in this suit is a specialty. It might be transferred by the payee, by delivery, with the intention of transferring title. It is not necessary that the payee actually owned the note, if the transferee of the note was not informed of the want of ownership in the payee." [2]

The court charged in part as stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (2, 3) instructions, quoting them.

*S. M. Brainerd, John P. Vincent* with him, for appellants. Benson restricted Mrs. Edwards to a single source of supply for her wants. He was willing to have his note go to Mr. Janes only, and he may have had a good reason for this. Janes was his friend and would care for his rights as surety, and he might be willing to be guarantor to Mr. Janes, but entirely unwilling to send his name abroad in the market; for certainly if Patterson and Austin acquired a good title to the note they could transmit it to another, and he to another, and so on ad infinitum.

*J. W. Sproul,* for appellee.—Where suit is brought in the name of the original party, the act of 1715 (regulating assignment of bonds, etc.) has no application : Phila. v. Lockhardt, 73 Pa. 211. A bond can be assigned by parol, but in such cases the suit must be in name of the obligee : Bunting's Adm'rs v. Camden & Atlantic R. R., 81 Pa. 254 ; 1 Parsons, Contracts, p. 197. An equitable assignment of a judgment may be by parol : Dunn v. Snell, 15 Mass. 481 ; Jones v. Witter, 13 Mass. 304 ; Crain v. Paine, 4 Cush. 483 ; Bank v. Penfield, 69 N. Y. 502; Freurd v. Bank, 76 N. Y. 352.

OPINION BY MR. JUSTICE WILLIAMS, May 22, 1893:

The question in this case is over the plaintiff's title to the instrument sued on, and it is raised by a somewhat novel state of facts. The evidence shows that Mrs. Edwards applied to

William Benson, now deceased, for a loan of money upon the security of her own note. He declined to lend the money but offered to assist her in borrowing it. He told her he thought Mr. Janes would lend it to her on proper security, and that he would sign her note as surety to enable her to make the loan of him. He accordingly prepared a note at eight months, payable to Janes or order, for one hundred dollars, containing a confession of judgment, which both Mrs. Edwards and himself signed and sealed. She then went to Mr. Janes with the note and applied for the loan of one hundred dollars. He examined the note and told her that the security was sufficient, but that he had just disposed of all his ready money and could not therefore accommodate her. He suggested the names of several persons to whom it would be desirable for her to apply, among whom was the firm in whose name as use plaintiff this action is brought. She went to Patterson and told him what she wanted, and offered him the note payable to Janes which Benson had signed as surety. He took the note and gave her the money. It was not paid at maturity. This action against Mrs. Edwards and the executor of the surety who was deceased, was brought in the name of Janes for their use. The executor denies that his testator ever undertook to become surety for Mrs. Edwards to any person except to Mr. Janes, and as Janes declined to accept the note or make the loan upon it, the note was functus officio when that negotiation failed. This line of defence was brought to the attention of the learned judge by the defendant's first point, in answer to which he instructed the jury as follows : " The note or obligation in this suit is a specialty. It might be transferred by the payee by delivery with intention to transfer the title. It is not necessary that the payee actually owned the note, if the transferee was not informed of the want of ownership in the payee." He then submitted the case to the jury upon the question of the character of the delivery of the note to Patterson by Mrs. Edwards, telling them, " If that was done in the presence of Mr. Janes and with his knowledge and consent you would be justified in treating that fact as evidence that it was done by the authority of Mr. Janes, and that is the question for you to determine." This instruction was erroneous. The rule is that the transferee of a non-negotiable instrument is bound to inquire of the maker, and failing to do so

he stands exactly in the shoes of the person from whom he receives it. If that person could not recover the transferee cannot : Eldred v. Hazlett, 33 Pa. 307 ; Dean v. Herrold, 37 Pa. 150 ; Lane v. Smith, 103 Pa. 416. It is not enough that the transferee " was not informed of the want of ownership in the payee," for he was bound to inquire what defence the maker had to the instrument, and to know that the character of the transaction out of which the note arose was open to investigation. If he " was not informed " it was because he did not make inquiry of the maker which it was his duty to do. The instrument being non-negotiable was notice to him of all that he could have learned by inquiry. We must therefore hold that he was informed of the nature of the transaction, of the object and purpose of the note, and of the fact that the payee had declined to take it ; and that it was consequently impossible for Mrs. Edwards to change the payee or dispose of the obligation to a stranger without Benson's consent. If Benson had intended to become surety for Mrs. Edwards upon an obligation that was to be hawked about in search of a buyer, he would have made it payable to bearer, or left the name of the payee a blank to be filled when the buyer of the instrument was found. But he made the note payable to Janes, from whom he expected the loan would be made, and to whom he sent Mrs. Edwards. Had Janes made the loan and so become the owner of the note he could have transferred it by his indorsement. He did not make the loan. He did not indorse the note. He did not, in the language of the court below, " deliver it with intent to pass title," and he had no title to pass. Mrs. Edwards delivered the note to the plaintiffs, and if the plaintiffs have a title it is derived from her. The appellees seek to show that she could pass a good title to them by invoking the rules applicable to accommodation paper ; and they argue that Benson is in the position of an accommodation maker and cannot now complain of the use the holder may choose to make of the instrument. But it must be remembered that the note is not negotiable in form. It is a sealed obligation, payable to a particular person, for a particular purpose. That purpose failed when the payee declined to make the loan it was intended to secure. When this note was offered to a stranger to it he was bound to take notice of the fact that it was a non-negotiable in-

strument, and payable to another person. The character of the instrument put him on inquiry. All that inquiry made of Benson would have disclosed as to the object of the instrument, the character of the transaction out of which it grew, and the extent of the authority of Mrs. Edwards to make use of it, the appellants must be held to have known when they took it from Mrs. Edwards.

But it is said Benson clothed Mrs. Edwards with authority to use the note as she pleased by the mere fact of signing it for the purpose of assisting her to obtain a loan. The answer made to this position is that the note, and the evidence relating to the circumstances under which it was given, show a purpose to aid her in procuring the money from the person named as the payee. There is nothing in the form of the instrument, or in the testimony, to indicate a purpose on his part to go a step further than to assume the position of surety for her to Mr. Janes. Mr. Janes, however, did not make the loan. Mr. Benson was not consulted in regard to becoming liable to any other person. He might have had good reasons for declining to permit his obligation to go into other hands than those he had selected and named as payee. He would unquestionably have had a right, if Mrs. Edwards had asked permission to deliver the note to any person from whom she could obtain the money, to say to her : " No, there are persons into whose hands I would not consent that my obligation should go. ˙ You must not use it for any purpose, or with any person, except in accordance with the tenor of the instrument, and the understanding between us." She did not consult him. The appellants did not inquire of him. The payee never became the owner, and never attempted to pass title to anyone else. Mrs. Edwards, so far as the evidence indicates, obtained the note for the purpose of making a loan from Mr. Janes, and when she found herself unable to use it for that purpose she used it for another. Under such circumstances no liability was imposed upon Benson, and the judgment must be reversed. The plaintiff is entitled to a judgment against Mrs. Edwards so far as we can now see, and a venire facias de novo must be awarded.