## R. T. Carothers and Daniel Stratton, Appellants, *v.* Harriet B. Sims and William H. Sims.

*Mortgage—Assignment of mortgage—Defense—Consideration.*

As the assignee of a mortgage takes it subject to all the equities of the mortgagor against the mortgagee, if the mortgage was given without consideration, and was not intended as a gift, the assignee cannot recover upon it.   It is immaterial that the assignee was bondsman for the mortgagor's husband as tax collector, and that the husband has made default in paying over the moneys received as collector, if such liability had been incurred long before, and was not induced by the mortgage or any promise by the mortgagor to give a mortgage.

Argued Nov. 2, 1899.   Appeal, No. 177, Oct. T., 1899, by plaintiffs, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1897, No. 1016, on verdict for defendants.   Before GREEN, McCOLLUM, MITCHELL, FELL and BROWN, JJ.   Affirmed.

Scire facias sur mortgage.   Before FRAZER, J.
The facts appear by the opinion of the Supreme Court.
The court gave binding instructions for defendants.
Verdict and judgment for defendants.   Plaintiffs appealed.

*Error assigned* among others was in giving binding instructions for defendants.

*D. F. Patterson,* for appellants, cited Juniata Building & Loan Assn. v. Mixell, 84 Pa. 313, and Bank v. Kuntz, 175 Pa. 432.

*W. B. Rodgers,* with him *John S. Robb,* for appellee, cited Ashton's App., 73 Pa. 162.

OPINION BY MR. JUSTICE GREEN, January, 2, 1900:
This proceeding is a scire facias upon a mortgage given by Harriet B. Sims and her husband, William H. Sims, to Andrew

Sims, to secure the payment of a bond conditioned for the payment of $4,000. The property described in the mortgage was the separate estate of the wife. Andrew Sims was the father of William. The mortgage was dated August 29, 1891, and recorded March 15, 1895. The mortgagee assigned the mortgage to the plaintiffs, Carothers and Stratton, on September 14, 1895, nearly thirteen months after its execution. It was established by the uncontradicted evidence in the case that no money or property, nor anything of value, was given by Andrew Sims to his daughter-in-law Harriet B. Sims, either on the execution of the mortgage or at any other time. About two weeks after the execution of the mortgage the mortgagor, Harriet B. Sims, gave a written notice to Andrew Sims, the mortgagee, in which she declared that the mortgage was null and void because it had been obtained from her by her husband, William H. Sims, by coercion and compulsion, and that it was executed by reason of fraud, deceit and misrepresentation practiced upon her by both her husband and his father. And she further notified him not to pay out any money or enter into any obligations in relation to the mortgage or to negotiate, sell or dispose of the mortgage, or to place it on record, or to institute any suit on the bond or mortgage, and she further required him to cancel and deliver up the bond and mortgage. The mortgagee did not borrow any money on the bond or mortgage, nor did he at any time furnish any money or other thing of value to the mortgagor until September 14, 1895, when he assigned it to the plaintiffs. The assignees paid no money or other thing of value to the assignor for the bond and mortgage, but held it, and finally brought the present action of scire facias upon it.

It was proved on the trial that the husband of Mrs. Sims had made default in the payment of moneys received by him as collector of delinquent taxes, and had become a fugitive from justice for a time in 1893 and part of 1894, but had returned home before the execution of the mortgage, and that an effort was being made to raise money to make good his default. And it was claimed for the plaintiffs that the mortgage was given for the purpose of raising money on it to pay the amount of Wm. H. Sims's shortage. But in point of fact no money was ever borrowed or ever raised in any way upon it either by the mortgagee or his assignees. The latter simply

took the assignment of it and are now seeking to recover on it under the title thus acquired. The learned court below held that the assignees took the mortgage subject to all the equities of the mortgagor against the mortgagee, and as he had never furnished any consideration for the mortgage he could recover nothing and, hence his assignees could not recover. It must be conceded that Andrew Sims could not recover in an action brought by him, as he never furnished any consideration whatever for the mortgage, and we know of no reason why his assignees are in any better condition than he in this respect. The mortgage was not given as a present to the mortgagee, and no consideration of any kind was ever given or furnished by him to the mortgagor. His assigns could not acquire any rights greater than his by force of the mere assignment, and they have no superior equities. They were the bondsmen for the mortgagor's husband, but that liability had been incurred long before, and was not induced by the mortgage or any promise to give a mortgage. In Lane v. Smith, 103 Pa. 415, we held that the assignee of a bond who fails to make inquiry of the obligor takes it subject to any defense to which it was subject in the hands of the obligee. As there was no pretense of any such inquiry in this case the rule above stated is clearly applicable.

Judgment affirmed.