## Stokes, Appellant, *v*. Dewees.

*Principal and agent—Power of attorney—Construction.*

All powers of attorney receive a strict interpretation, and the authority is never extended by intendment or construction, beyond that which is given in terms, or is absolutely necessary for carrying the authority into effect. Between two constructions, one of which enlarges the powers, and the other restrains them to the language used, the court will adopt the latter construction.

Where a power of attorney authorizes the agent to enter security and become bail in the name of the principal and "to pledge" certain real estate particularly described, and the agent executes a judgment bond without restraining its effect to the properties named, and judgment is entered on the bond, the judgment is not void, but its lien and collection will be restricted to the properties named in the power of attorney.

The assignee of a bond takes it subject to every defense which the maker had against the assignor.

Argued Jan. 14, 1904. Appeal, No. 31, Jan. T., 1904, by plaintiff, from order of C. P. Luzerne Co., Feb. T., 1902, No. 275, making absolute rule for judgment but restricting lien thereof, in case of Jonathan O. Stokes, Assignee of Alexander Crow, Jr., High Sheriff of the County of Philadelphia, *v*. Thomas B. Dewees and Walter W. Lance. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Frank P. Slattery*, with him *Joseph A. Slattery*, for appellant.—The learned judge below, in his opinion, concedes that the language of the letter of attorney is susceptible of two constructions, and he rules in favor of the one which restricts the powers. It is respectfully submitted that this ruling is not in accord with the authorities : Wharton on Agency, sec. 223; Foster v. Rockwell, 104 Mass. 167.

*J. A. Opp*, for appellee.—All powers of attorney receive a strict interpretation, and the authority is never extended by

intendment or construction beyond that which is given in terms, or is absolutely necessary for carrying the authority so given into full effect: Campbell v. Foster Home Association, 163 Pa. 609; MacDonald v. O'Neil, 21 Pa. Superior Ct. 364; Union Trust Co. v. Means, 201 Pa. 374; Devinney v. Reynolds, 1 W. & S. 328; Lauman v. Young, 31 Pa. 306; Craighead v. Peterson, 72 N. Y. 279.

OPINION BY SMITH, J., March 14, 1904:

This is an action on a replevin bond given by Thomas B. Dewees and Walter W. Lance to Alexander Crow, Jr., sheriff of Philadelphia county, and by the latter assigned to Jonathan O. Stokes. The bond was executed for Walter W. Lance by his attorney in fact Charles Lance, under a power of attorney, the material part of which is as follows: "For me and in my name to enter security and become bail for any purpose in which bail or security may be needed or required and pledge properties 113 and 115 West Penn Street in Germantown, City of Philadelphia." The bond, with the power of attorney, and the breach of condition, are set out in full in the declaration as the ground of the plaintiff's demand. On a rule for judgment for want of a sufficient affidavit of defense against Walter W. Lance, he replies: "That said Charles Lance, attorney as aforesaid, exceeded the powers given him in writing, and did not in any way or manner, limit or restrict the said bond or the liability of said defendant thereon to the said property, but if said attorney did execute a bond, as appears by the copy filed, it is a general bond and does not confine or restrict the pledge to the said properties, named in the power of attorney. That said attorney exceeded his powers, definitely given in writing, and the defendant is advised and believes that he is not in any way or manner liable on the bond in suit, and further that the bond is informal and that no affidavit is necessary in this case."

The court entered judgment for the plaintiff restricting its lien and collection by the following order: "Let judgment be entered in favor of the plaintiff and against the defendants for the amount claimed in the statement, with a restriction that both its lien and collection, so far as the defendant Walter W. Lance is concerned, shall be confined to the real estate designated in the power of attorney as Nos. 113 and 115 West Penn

Street, in Germantown, City of Philadelphia." The learned judge further said in an opinion accompanying the order: "While technically there is no such thing now as a pledge of real estate, the word pledge being exclusively confined to personal chattels, I take it that the language used expresses an intent upon the part of Walter W. Lance to confer upon his attorney-in-fact the power to offer the properties mentioned, as the source from which there is to be collected any liability which the said Lance may incur by reason of entering security and giving bail. This means something different from the power to lien the properties for the purpose mentioned, with a restriction of the lien to them, leaving a personal liability which may be collected out of other properties, and is in effect only an agreement on his part that the collection of such liability when ascertained shall be out of the properties enumerated. . . . All powers of attorney receive a strict interpretation, and the authority is never extended by intendment or construction, beyond that which is given in terms, or is absolutely necessary for carrying the authority into effect. . . . Between two constructions, one of which enlarges the powers, and the other restrains them to the language used, I feel bound to adopt the latter construction."

As the bond in suit is a nonnegotiable instrument, the plaintiff took it subject to every defense which the obligor had arising out of the transaction in which it was given. The Supreme Court has said on this subject, in an action to charge a surety on a sealed judgment note : "The rule is that the transferee of a non-negotiable instrument is bound to inquire of the maker, and failing to do so he stands exactly in the shoes of the person from whom he receives it. If that person could not recover the transferee cannot : Eldred v. Hazlett, 33 Pa. 307 ; Dean v. Herrold, 37 Pa. 150 ; Lane v. Smith, 103 Pa. 415. It is not enough that the transferee 'was not informed' of the want of ownership in the payee, for he was bound to inquire what defense the maker had to the instrument, and to know that the character of the transaction out of which the note arose was open to investigation. If he 'was not informed' it was because he did not make inquiry of the maker which it was his duty to do. The instrument being non-negotiable was notice to him of all that he could have learned by inquiry : " Janes v. Benson, 155 Pa. 489.

The argument of the appellant is : that the power is twofold, and that the power to enter security is not dependent upon the power to pledge the properties, and therefore argues, inferentially, that the power of attorney is ambiguous and comes within the rule that when a principal gives a power in uncertain terms, susceptible of two different meanings, he is bound by the one adopted by his agent.    But we do not think the power here is ambiguous or uncertain, considering its subjects, separately or as given.    The power may be divisible, as a grammatical distinction or negative abstraction, and still form an intelligible single authority.    The principal here was evidently willing that the property mentioned might be "pledged" as security, as stated ; but it does not follow that he intended to incumber his entire estate for that purpose.    We think the court correctly construed the meaning of the power, and the intent in which the term "pledge" was used in the warrant.    The power is embraced in one brief sentence, quite plain in meaning and purpose, and constitutes the whole authority of the attorney ; it must be considered as a whole in giving effect to the instrument, in accordance with the evident intention of the principal.    If the attorney attempted to extend the power beyond that expressed in it, the principal is not bound.

It is clear that the power in this case was a special one, authorizing only definite, limited action, and the judgment was properly restricted to the property specified in the warrant. On the subject of such a power this court has said in MacDonald v. O'Neil, 21 Pa. Superior Ct. 364 : " Letters of attorney are strictly interpreted, and the authority is never extended beyond that which is given in terms, or that which is necessary and proper for carrying the authority so given into full effect. . . . . A special power must be strictly pursued, and whoever deals with an agent constituted for a special purpose deals at his peril when the agent passes the precise limits of his power." To the same effect are Devinney v. Reynolds, 1 W. & S. 328 ; Campbell v. Foster Home Association, 163 Pa. 609 ; Union Trust Co. v. Means, 201 Pa. 374.

The judgment is affirmed.