# Volk v. Shoemaker, Appellant.

*Bond—Nonnegotiable instrument—Confession of judgment—Assignment of bond—Mortgage—Act of May 16, 1901, sec. 5, P. L. 194.*

1. Under the Act of May 16, 1901, sec. 5, P. L. 194, the effect of a provision in a bond authorizing a confession of judgment before maturity is to make the instrument nonnegotiable.

2. The assignee of a bond who fails to make inquiry, takes it subject to any defense to which it was subject in the hands of the obligor; the same rule applies to the assignee of a mortgage.

3. Where a person executes a judgment bond and mortgage to another who has no interest in the transaction, and gives no consideration, and whose name is only used to facilitate a loan, and such mortgagee assigns the bond and mortgage to a third person who pays the obligor's agent a sum much less than the face of the bond and mortgage, and it appears that the obligor never authorized either the mortgagee or the agent to dispose of the bond and mortgage for anything less than its face value, the assignee is not entitled to the face value of the bond, and if he has entered judgment on the bond, the obligor will be entitled to have the judgment opened so that he may defend against any sum over and above what the assignee actually paid.

Argued Oct. 6, 1910. Appeal, No. 102, Oct. T., 1910, by defendants, from order of C. P. Somerset Co., Sept. T., 1909, No. 148, discharging rule to open judgment in case of Bernard Volk, Jr., use of David Pierce, v. Jane V. Shoemaker and W. R. Shoemaker. Before FELL, C. J.,

BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Rule to open judgment.

The facts are stated in the opinion of the Supreme Court.

The court discharged the rule to open judgment.

*Error assigned* was the order of the court.

*W. H. Ruppel*, with him *C. F. Uhl, Jr.*, for appellant.—The defendant was clearly entitled to have the judgment opened: Huckestein's App., 3 Pennypacker, 55; Sloan v. Brown, 15 W. N. C. 111; Wilson's App., 109 Pa. 606; Fisher v. O'Donnell, 153 Pa. 619; Cloud v. Markle, 186 Pa. 614; Schweyer v. Walbert, 190 Pa. 334; Hafer v. Boner, 10 York, 93; Milton Nat. Bank v. Beaver, 25 Pa. Superior Ct. 494; Stockwell v. Webster, 160 Pa. 473; Heimgartner v. Stewart, 180 Pa. 500; Lee v. Sallada, 7 Pa. Superior Ct. 98.

*J. C. Lowry*, for appellee.—This entire matter is one of discretion for the court below and as such cannot be the subject of a writ of error and no appeal lies in an adverse decision: Renninger v. Thompson, 6 S. & R. 1; White v. Leeds, 51 Pa. 187; Gump's App., 65 Pa. 476.

OPINION BY MR. JUSTICE POTTER, January 3, 1911:

This appeal is from the refusal of the court below to open a judgment, entered by confession upon a bond conditioned for the payment of the sum of $3,500 and interest. The bond was dated August 22, 1908, payable in three years. Judgment was entered June 19, 1909, and execution issued the same day. Upon the petition of the defendants, the court below stayed the writ, and granted a rule to show cause why the judgment should not be opened. Depositions upon both sides were taken; and, after a hearing, the court below discharged the rule. It appears from the petition of the defendants, and from the depositions taken in support thereof, that Jane V.

Shoemaker and W. R. Shoemaker were the owners of certain real estate in Allegheny county, and through one W. D. Repper, a real estate agent at McKeesport, they agreed to make an exchange with one W. C. Schroeder for a farm in Somerset county, and to pay him in addition the sum of $1,500 in cash. For the purpose of raising this sum, and an additional amount of $2,000, the defendants executed a judgment bond and mortgage for $3,500 to Bernard Volk, Jr., who had no interest in the transaction and gave them no consideration, but simply permitted the use of his name. The bond and mortgage were delivered to Repper in order that he might negotiate them for the purposes stated. It seems that Volk assigned the bond and mortgage to David Pierce, the use plaintiff, under an agreement by which Pierce was to pay $1,500 cash to Repper and $700 more when the bond and mortgage should be paid in full by the obligors; but that Repper paid Schroeder only $1,200, instead of $1,500, the amount agreed to be paid.

In the answer filed by David Pierce it is stated that he afterwards agreed with Repper to pay $1,920 for the bond and mortgage, and that he actually paid that sum. In his deposition W. R. Shoemaker testified that he never authorized Volk or Repper, or any one else, to dispose of the bond and mortgage for anything less than its face value. It is admitted by all parties that Volk, the mortgagee, advanced no money, and had no real interest in the transaction. His name was used merely to facilitate the matter. While the transaction was in form a purchase of a bond and mortgage, yet in substance, and as a matter of fact, it was a loan by Pierce of the sum of $1,920, directly to the mortgagors. The money was paid to Repper, the agent of the mortgagors. There is but little if any dispute as to the material facts, and if the evidence, as set forth in the depositions is to be credited, the plaintiff is not entitled to recover on his judgment more than the amount he loaned, or paid out, for the bond and mortgage, with interest and costs. No copy

of the judgment bond was printed in the record, but it is apparent from what is shown, that it authorized the entry of judgment at any time, and, under the Act of May 16, 1901, sec. 5, P. L. 194, the effect of a provision authorizing a confession of judgment before maturity, is to make the instrument nonnegotiable. The assignee of a bond, who fails to make inquiry of the obligor, takes it subject to any defense to which it was subject in the hands of the obligor: Lane v. Smith, 103 Pa. 415; Janes v. Benson, 155 Pa. 489, 492; Stokes v. Dewees, 24 Pa. Superior Ct. 471. The same rule applies to the assignee of a mortgage: Myerstown Bank v. Roessler, 186 Pa. 431; Carothers v. Sims, 194 Pa. 386.

The admitted facts of the present case seem to bring it within the principle laid down in Huckenstein v. Love, 98 Pa. 518. In that case a scire facias was issued by C. H. Love, for use of W. C. Comingo, against John Huckenstein upon a mortgage executed by defendant to the legal plaintiff. The defendant pleaded usury as to a part of the mortgage. Subsequently, Thomas McKee intervened as terre-tenant, and on the trial the jury was sworn against John Huckenstein, with notice to Thomas McKee, terre-tenant. The defendants offered to prove (p. 520) that "Love, the mortgagee, had no interest in the mortgage, and that the money was advanced directly by Mrs. Comingo (the use plaintiff) at a heavy discount." Also that McKee, the terre-tenant, had no beneficial interest or title in the mortgaged premises, but that he merely held the legal title as a trustee for Huckenstein. These offers were rejected, and the court directed a verdict for the plaintiff for the full amount of the mortgage, with interest. On writ of error the rejection of the offers was assigned for error. Mr. Justice TRUNKEY said (p. 521): "At the trial Huckenstein proposed to prove that Love, the assignor of the mortgage, was merely the broker, and that Mrs. Comingo, the assignee, was the real lender of the money. This offer was overruled for the reason that Huckenstein's title to the premises had been vested in

McKee, and the testimony was irrelevant and incompetent. Then the defendant proposed to prove (that McKee was not acting for himself, but for Huckenstein). This also was rejected. If true, McKee had only a naked legal title and could have been compelled to convey to Huckenstein, had he refused to convey on demand. He was a trustee, without interest, and with no duty, except to convey the legal title to the actual owner of the land." It was then held that the offers should have been admitted, and that if Huckenstein was able to show that he was the real owner and that the use plaintiff had actually loaned the money to him, although the mortgage had been made to a broker who had not made the loan, the defense of usury could be set up. The judgment for the plaintiff was reversed and a new venire awarded.

In the present case, the position of Volk corresponds to that of Love in the case just cited; and the place occupied by Pierce is similar to that of Mrs. Comingo. There is no intervening terre-tenant here, so in that respect the defendants are in a better position than was the defendant below in Huckenstein v. Love; and upon the authority of that case, the judgment now under consideration should have been opened, to permit the facts to be shown.

The evidence in this case, upon the part of the defendants, impresses us as going far beyond the point of producing a mere conflict of testimony. We think the defendants have shown by a preponderance of the evidence sufficient to sustain a verdict in their favor, that they had a just defense to a large part of the sum claimed under the judgment. Under such circumstances the defendants should be allowed a trial: Kaier v. O'Brien, 202 Pa. 153; Earley's App., 90 Pa. 321; Jenkintown National Bank v. Fulmor, 124 Pa. 337.

The order of the court below, discharging the rule to open the judgment, and to let the defendants into a defense, is reversed and set aside; and the rule is now made absolute.