## Citizens National Bank of Waynesburg, for use, v. Wisecarver, Appellant.

Argued March 24, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*S. M. Williamson* and *David I. McAlister,* with them *John D. Meyer,* for appellant.—Jennie Wisecarver was a grantor, not a surety of this indebtedness.

Such agreements as the present one are enforceable and the parties will be held to the whole agreement instead of just the written agreement: Lane v. Smith, 103 Pa. 415; Schweyer v. Walbert, 190 Pa. 334; Volk v. Shoemaker, 229 Pa. 407; Henderson v. Sonneborn, 30 Pa. Superior Ct. 182; Scottish Rite v. Trust Co., 195 Pa. 45; Kerr v. McClure, 266 Pa. 103; Sheinman Bros. v. Hovland, etc., Co., 78 Pa. Superior Ct. 479.

When negotiable paper is sold by a holder, even if he is the payee, for less than the face of the obligation, the maker, whether the principal obligor or a surety, is liable for the whole amount of the paper regardless of the usurious sale: Cook v. Forker, 193 Pa. 461; Peoples Bank & Trust Co. v. Fenwick, 43 L. R. A., N. S., 211, note.

If Jennie Wisecarver was a guarantor of these obligations from the beginning instead of a surety, then all that can be recovered by the assignee is the actual amount which they will lose by the failure of the principal debtor to pay, and that is the amount they paid for the indebtedness with legal interest: Equitable Trust Co. v. Surety Co., 214 Pa. 159; Weightman v. Trust Co., 208 Pa. 449; Woods v. Sherman, 71 Pa. 100; Shippen

v. Clapp, 36 Pa. 89; Strohecker v. Farmers Bank, 6 Pa. 41.

*J. I. Hook,* for appellee.—Appellant was liable as principal: Miners State Bank v. Auksztokalnis, 283 Pa. 18; Bloomfield Trust Co. v. Trojanowski, 298 Pa. 61; Diffenbacker's Est., 31 Pa. Superior Ct. 35; Delaware Co. Trust Co. v. Haser, 199 Pa. 17.

There was no parol agreement between appellant and the Citizens National Bank on June 7, 1927.

All the preliminary negotiations, conversations and verbal agreements between the Citizens National Bank and Jennie Wisecarver were merged in and superseded by the written offer of June 7, 1927, and the appellant has not averred fraud, accident or mistake: Gianni v. Russell & Co., 281 Pa. 320; Wagner v. Marcus, 288 Pa. 579, 583; First Nat. Bank of Hooversville v. Sagerson, 283 Pa. 406; Evans v. Edelstein, 276 Pa. 517; Neville v. Kretzschmar, 271 Pa. 222; U. S. Nat. Bank v. Evans, 296 Pa. 541.

Appellant has no defense to the payment of the indebtedness to appellee: Wagner v. Marcus, 288 Pa. 579.

It was the duty of appellant to furnish proper proof to support her petitions, when appellee filed responsive answers thereto: Shaffer v. Thomas, 76 Pa. Superior Ct. 368; Stewart v. Stewart, 246 Pa. 344; Reidlinger v. Cameron, 287 Pa. 24; State Camp v. Kelley, 267 Pa. 49.

OPINION BY MR. JUSTICE KEPHART, April 14, 1930:

The sole question for our consideration is whether the court below abused its discretion in refusing to open the judgment. As the facts are of interest only to the parties, it would serve no useful purpose to relate them in detail.

Appellant, her brother and his wife were indebted to the Citizens Bank in the amount of $187,338.21. Under agreement, the parties jointly gave the bank a bond and mortgage and deed of trust, and assigned certain stocks

as collateral. It was stipulated that, in the case of a sale, appellant's property was to be sold after that of her brother and his wife. In 1927, they still owed approximately $125,000. At that time, another agreement was made: the brother and his wife assigned to appellant all their real and personal property except a house; the bank satisfied the previous mortgage; and appellant agreed to pay the entire indebtedness, giving therefor two judgment notes, which were entered. The Citizens Bank was later closed and its assets sold to the First National Bank, the use-plaintiff. On default, execution was issued on the judgments. Appellant's position before the court below was that, when the agreement of 1927 was made, there was a contemporaneous parol agreement, by which it was understood her property was to be applied to the debt only after that of her brother and his wife was exhausted,—in other words, that her standing was to be the same as under the first agreement; that she was consequently a mere guarantor, and the use-plaintiff could collect only the sum for which the indebtedness was sold, namely, $50,000.

The court below found that the bank gave up all its original claims and received the notes in lieu thereof, and that the entire indebtedness was merged therein; and further that there was no competent evidence of the parol agreement, since the appellant's testimony on the subject was entirely hearsay, and her sole witness did not refer to the agreement of 1927. Even if the contemporaneous agreement could have been proven by direct evidence, it could not affect the contract without an averment in the pleadings that it had been omitted through fraud, accident or mistake: Gianni v. Russell, 281 Pa. 320; Bank of Hooversville v. Sagerson, 283 Pa. 406; U. S. Nat. Bank v. Evans, 296 Pa. 541. Prima facie, appellant was primarily liable on the bond, which became due on her default. Even if she could have established the contract of guaranty, that fact would not reduce her indebtedness to the use-plaintiff. Appellant's

counsel contends that where a debt is sold for less than its face value, the assignee cannot collect the full amount thereof. This is indeed a novel proposition. Rights acquired by assignment are not to be confused with those of subrogation, as illustrated in the case of Miller v. Myers, 300 Pa. 192. There a trustee attempted to have claims purchased by him awarded at their face value from trust funds in his hands, thereby profiting at the expense of the cestuis que trust. We held that he could only be subrogated to the amount paid by him.

Assignments of error overruled and judgment affirmed.