Allinger, Assignee, Appellant, *v.* Melvin.

Argued April 30, 1934.   Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Robert T. McCracken,* with him *John Harper* and *Joseph H. Resnick,* for appellant.—The modern Parol Evidence Rule is applicable to an alleged parol agreement restricting liability on a bond to the premises subject to the mortgage accompanying such bond: Speier v. Michelson, 303 Pa. 66; Second Nat. Bank v. Yeager, 268 Pa. 167; Bank of Hooversville v. Sagerson, 283 Pa. 406; Gianni v. Russell, 281 Pa. 320; Rosenblum v. Rosenblum, 313 Pa. 49; Myers v. Gibson, 304 Pa. 249; Hein v. Fetzer, 301 Pa. 403.

The bond is entire, complete and unambiguous, and the alleged parol agreement restricting the bond to the mortgage premises comes within the field embraced by the bond: Gianni v. Russell, 281 Pa. 320; Emmanuel v. Hughes, 295 Pa. 492; Peoples-Pittsburgh Trust Co. v. Site Co., 311 Pa. 315.

Parol evidence is not excluded because it is untrustworthy and lacks evidentiary value. Therefore, it is immaterial that appellee's evidence is uncontradicted: Speier v. Michelson, 303 Pa. 66; Bryant v. Bryant, 295 Pa. 146.

Since the oral testimony was a necessary part of the written memorandum, the whole contemporaneous agreement and memorandum is parol: Roberts v. Roesch, 306 Pa. 435.

Parol includes written as well as oral evidence as used in the Parol Evidence Rule: Pitcairn v. Hiss Co., 125 Fed. 110; Kime v. Ice Co., 240 Pa. 61; Madison-Kipp Corp. v. Battery Corp., 311 Pa. 22.

Parol evidence is especially inadmissible to vary a written agreement when it would affect the interests of third persons who have acquired rights under it in good faith and for value: Heilner v. Imbrie, 6 S. & R. 400; Lennig v. Ralston, 23 Pa. 137; Davis v. Barr, 9 S. & R. 137.

*Frank W. Melvin,* with him *George H. Detweiler,* for appellee.—Appellee not being obliged to give any bond, upon being asked to give one as a gratuity or accommodation, was clearly entitled to prescribe the nature, or limitations, or terms, of any such bond.

The facts averred by defendant, and established by uncontradicted evidence and by the jury's findings, clearly bring this case within the classification of fraud, accident or mistake: Kaufman v. Ins. Co., 111 Pa. Superior Ct. 273.

In the instant case, appellee's proofs abundantly meet all requirements: Pender v. Cook, 300 Pa. 468.

An assignee who neglects to seek a declaration of no set-off is not an innocent purchaser: Eldred v. Hazlett's Admr., 33 Pa. 307; Ashton's App., 73 Pa. 153; Sellers v. Benner, 94 Pa. 207; Leonard's App., 94 Pa. 168.

Assignees, unless they have sought a declaration of no set-off from the obligor, take subject to every defense that the latter would have against the obligee: Miller v. Henderson, 19 S. & R. 290; Fort Pitt Real Est. Co. v. Schaefer, 96 Pa. Superior Ct. 497; Standard Furnace Co. v. Roth, 102 Pa. Superior Ct. 341.

OPINION BY MR. JUSTICE LINN, May 24, 1934:

Plaintiff appeals from an order restricting to the mortgaged premises the lien of a judgment on a bond accompanying a mortgage. The statement of questions involved presents but one point for review: whether, in a suit by a bona fide assignee of the bond, parol evidence is "admissible to prove a contemporaneous agreement that judgment on the bond should be restricted to the mortgaged premises only."

In view of the course of the oral argument, the case may be stated somewhat fully. June 17, 1927, defendant Melvin, by writing, agreed to buy from P. J. and J. T. Whelan, certain real estate and to give in part payment a first mortgage of $37,000, payable within three years, settlement to be made on or before September 20, 1927.

There was no agreement that defendant should give a bond. In July, 1927, one of the Whelans stated to defendant that they should also like to have a bond; Melvin replied he had not agreed to give one, but, after some conversation on the subject, agreed to give his bond, good for three years, on condition that it should be "restricted"; i. e., collectible only out of the mortgaged property. No additional consideration was given for the bond. September 19, 1927, the parties met for settlement at the Integrity Trust Company, Whelan meanwhile having prepared the bond and mortgage. When they were produced at the settlement for Melvin's signature, he called attention to the fact that the bond was unrestricted and not in compliance with the understanding, and refused to execute it. Whelan stated that the restriction agreed upon had been omitted from the bond by mistake, and, to avoid delaying the settlement (the time for which expired next day), asked Melvin to sign it upon condition that he would immediately give Melvin a letter or agreement protecting him and restricting the obligation of the bond to default within three years and to the mortgaged real estate. Melvin then executed the papers and Whelan delivered the letter.[1] There is no dispute about these facts. None of this testimony was

---

[1] The letter, Exhibit B, is as follows: "With reference to purchase of land at Oxford Ave. and Frontenac St., where we have taken a purchase-money mortgage for $37,000, we desire to make clear our understanding on this transaction at settlement today. The bond should have been drawn for the term of the mortgage, three years, but we both understand that it is *a restricted bond.* In order to have a record of this understanding, we herewith confirm it by this writing.

"Both my brother and myself understand that the bond and mortgage are good for three years only, and *we will be glad to execute anything further you may wish to satisfy you at any time if you so desire.* We think, however, this letter is sufficient. [Italics supplied.]

"Very truly yours,

"P. J. & James T. Whelan."

contradicted, and, as to what happened at the settlement, not only defendant and one of the Whelans, but Wildey, the Whelans's agent in the transaction, testified. On September 21, 1927, Whelan assigned the bond and mortgage to the Integrity Trust Company, as additional security for a preëxisting collateral loan. October 20, 1927, Melvin sold the premises to one Quigley and thereafter had no interest in them. October 29, 1927, the Integrity Trust Company sold the bond and mortgage to Allinger, the present use-plaintiff and appellant. The mortgage was, of course, duly recorded. Neither the Integrity Trust Company nor Allinger were advised of the existence of the agreement restricting liability on the bond. Neither of them inquired of Melvin whether he had any defense, nor did they ask for a declaration of no set-off. Melvin did nothing that induced them to refrain from inquiring for defenses or obtaining a declaration of no set-off.

On June 8, 1932, judgment was entered on the bond. Defendant filed a petition to open the judgment with leave to defend, setting forth, inter alia, the above facts. An answer was filed and the judgment was opened. The case then came on for trial. Evidence was introduced by witnesses and by stipulation signed by counsel for both parties. The court directed a verdict for the plaintiff, but submitted certain interrogatories to the jury,[2] the

---

[2] The questions and answers were as follows:

"As a condition precedent to the execution and delivery of the bond and warrant of attorney by the defendant, did the parties hereto agree:

"1. That the bond should become inoperative; that is, be void as a bond after three years from the date thereof, as to defaults occurring after the expiration of the three years?

"Answer: Yes.

"2. That the liability on the bond and warrant of attorney should be restricted to proceedings against the mortgaged premises only?

"Answer: Yes."

"No. 6: Was the letter, Exhibit B, prepared, signed and delivered by Whelan to Melvin in accordance with a condition precedent

answers to which subsequently became the basis for limiting the lien to the mortgaged premises, the action now complained of.

In Volk v. Shoemaker, 229 Pa. 407, 410, 78 A. 933, we repeated what has been the law of Pennsylvania as far back as Rundle v. Ettwein, 2 Y. 22, (1795),—that "the assignee of a bond, who fails to make inquiry of the obligor, takes it subject to any defense to which it was subject in the hands of the obligor: Lane v. Smith, 103 Pa. 415; Janes v. Benson, 155 Pa. 489, 492; Stokes v. Dewees, 24 Pa. Superior Ct. 471. The same rule applies to the assignee of a mortgage: Myerstown Bank v. Roessler, 186 Pa. 431; Carothers v. Sims, 194 Pa. 386." See, too, Eldred v. Hazlett's Admr., 33 Pa. 307, 315;

---

prescribed by Melvin and approved and assented to by Whelan as the inducing cause of the signing of the bond and warrant of attorney by Melvin? In other words, did Melvin sign the bond and mortgage as a result of and in reliance upon an agreement by Whelan, orally made, subsequently confirmed by the letter, Exhibit B?

"Answer: Yes.

"No. 7: Was the letter, Exhibit B, intended by Whelan and Melvin to be a written confirmation of an oral agreement already made between them to this effect:

"1. That the bond should become inoperative as a bond at the expiration of three years from the date thereof, except as to defaults occurring within the three years?

"Answer: Yes.

"2. And that liability on the bond and warrant of attorney should be restricted to proceedings against the mortgaged premises only?

"Answer: Yes.

"Decide and advise the court whether or not it was the intention of the parties in the oral agreement and in the letter, when they used the word 'restricted,' to thereby indicate that the enforcement of any judgment on the bond should be restricted to this property itself?

"Answer: We have decided that the intention of the parties in the oral agreement and in the letter, when they used the word 'restricted,' was that the enforcement of any judgment on the bond should be restricted to the mortgage premises and that only."

Ashton's App., 73 Pa. 153, 161; Restatement, Contracts, section 167. This rule is not questioned in the brief filed on behalf of the appellant. His contention here is merely that, though no inquiry was made of the obligor, and though appellant might have learned of the restriction by such inquiry, the rule excluding parol evidence in certain cases deprives Melvin of the benefit of the contract which it is not denied was made.

The proceeding to open the judgment and to limit the recovery to the mortgaged premises is governed by equitable principles. One of them is that where fraud, accident or mistake is shown, the written instrument will be reformed, in order to prevent fraudulent use of it, provided the evidence is clear, precise and indubitable and sufficient within the rule: Gump's App., 65 Pa. 476; Pender v. Cook, 300 Pa. 468, 473, 150 A. 892; Bispham, Equity, sections 468-70. In view of the finding of the jury, based on the evidence of both parties to the contract, there can be no question that Whelan made a mistake in omitting from the bond the agreed-upon restrictions, that Melvin detected the mistake, refused to execute the papers, and ultimately did so only on Whelan's promise to correct the mistake, as was in fact done by the letter and supporting oral evidence received. The principle governing the decision in Gianni v. Russell, 281 Pa. 320, 126 A. 791 (in which case the evidence in support of the oral agreement was not, as here, uncontradicted), and cases following it, on which appellant relies, has no application to a record like this. Those cases hold that "if the matter proposed to be shown by parol is the subject of a covenant in the agreement, which is complete, such evidence to alter its terms cannot be received" (Cridge's Est., 289 Pa. 331, 338, 137 A. 455), unless it is admitted that the whole of the agreement is not set forth in the writing: Ward v. Zeigler, 285 Pa. 557, 132 A. 798. Here both parties to the contract agree that the instrument, as Whelan drew it, did not express their agreement, and that it would not have been exe-

cuted unless the supplementary agreement had been made. Proof of such agreement was proper: Restatement, Contracts, sections 504, 507; Schweyer v. Walbert, 190 Pa. 334, 42 A. 695; Humbert v. Meyers, 279 Pa. 171, 123 A. 733; Janes v. Benson, 155 Pa. 489, 26 A. 752. See also Roberts v. Roesch, 306 Pa. 435, 439, 159 A. 870; Cridge's Est., supra; Citizens' Nat. Bank of Waynesburg v. Wisecarver, 300 Pa. 60, 150 A. 103; Wheatley v. Neidich, 24 Pa. Superior Ct. 198; Irwin v. Shoemaker, 8 W. & S. 75.

The order appealed from is affirmed at the costs of appellant.