Federal Reserve Bank of Philadelphia, Assignee, Appellant, *v.* Gearon.

Argued April 20, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*James S. Clifford, Jr.,* with him *MacCoy, Brittain, Evans & Lewis,* for appellant.

*Joseph B. Quinn,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 17, 1938:

The court below made absolute a rule to open a judgment against defendant entered on a bond accompanying a mortgage. The bond is for $10,000 and the judgment amounts to $12,843.33. From the order making absolute the rule plaintiff appeals.

John W. F. Blizard and Isaac S. Grossman were indebted to the North City Trust Company. It demanded from them additional collateral and they arranged to create a mortgage on property they controlled. Instead of making the mortgage themselves, they had the property conveyed to defendant, Elizabeth F. Gearon, who was an employee of Blizard and, at his direction, she executed the mortgage and bond, which were made payable to Blizard and Grossman. She did not read the papers and was told by Blizard that she would be subjected to no liability or responsibility because of signing them. Blizard agrees and testified that he so told her. She received nothing as a result of executing the papers.

Blizard and Grossman assigned the bond and mortgage to the North City Trust Company, which were subsequently assigned to the Federal Reserve Bank. The latter entered judgment on the bond and issued an attachment against certain stock belonging to defendant, following which she applied to the court below to open the judgment and for leave to make defense. When the bond and mortgage were assigned to the Trust Company and to the Federal Reserve Bank, neither called upon defendant to execute declarations of no set-off and none was signed by her at any time.

Appellant, contending for liability of defendant, and that it was error by the court below to open the judgment, cites to us as sustaining its position such cases as *Bank of Hooversville v. Sagerson*, 283 Pa. 406, 129 A. 333; *Citizens Nat. Bank v. Wisecarver*, 300 Pa. 60, 150 A. 103; *Myers v. Gibson*, 304 Pa. 249, 155 A. 563; *Russell v. Sickles*, 306 Pa. 586, 160 A. 610, which hold that such a defense against a written obligation as here is set up cannot be made, resting as it does in parol and contradicting the writing. We do not relax that principle, but, in all those cases it was denied by witnesses supporting the obligation that the statements made by the debtor were true. Here we have the admission of one of the obligees, the only one present when the papers were signed, that what defendant says is true and that he did tell her that in signing the bond and mortgage no liability or responsibility was imposed upon or assumed by her. This being so, the obligees in the bond could not collect it from her, nor can the assignee, who did not procure a declaration of no set-off from her. "The assignee of a bond, who fails to make inquiry of the obligor, takes it subject to any defense to which it was subject in the hands of the obligor [obligee]": *Allinger v. Melvin*, 315 Pa. 298, 303, 172 A. 712, and cases therein cited. See also *Harr v. Market St. T. & T. Co.*, 326 Pa. 410, 416, 190 A. 903.

What was said by us in *Friend v. Kuhn*, 316 Pa. 233, 236, 175 A. 690, has full application to this proceeding: "Suppose that, at the trial, plaintiff proved them [the facts set forth in the affidavit of defense] by a writing duly executed, or that plaintiff and the officer who alone acted for the bank at the time the paper sued on was given, agreed, and there was no countervailing evidence, that, at the time the endorsement was signed, and in order to induce defendant to execute it, the bank officer expressly agreed that if plaintiff did so, it 'would not bind her individually nor would she be obliged to pay any money to the plaintiff by reason of its execution and

endorsement'; and that, on the faith thereof, defendant signed the paper; would any one assert that, under such circumstances, she would nevertheless be held liable. Such a conclusion would be so far from the realms of justice as not to be thinkable." To the same effect, see *Allinger v. Melvin,* supra.

Order affirmed.